IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, et al., individually and on behalf of all others similarly situated,  *  *  *  *<br><br>Plaintiff,  *  *<br><br>v.  *  *<br><br>Air Line Pilots Association, International; US Airways Group, Inc.; and American Federation of Labor and Congress of Industrial Organization,  *  *  *  *  *  *<br><br>Defendants.  * | Civil Action No.1:07-cv-00651<br><br>Judge Reggie B. Walton |

**US AIRWAYS GROUP, INC.'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Comes now Defendant US Airways Group, Inc. ("US Airways"),[1] by counsel, and hereby moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of this motion, US Airways states as follows:

**I.      INTRODUCTION**

A federal regulation promulgated by the Federal Aviation Administration ("FAA") has mandated since 1959 that no person may serve as a pilot of large commercial passenger aircraft after age 60.  14 C.F.R. § 121.383(c).  This federal aviation regulation is commonly referred to as the "Age 60 Rule."

---

[1] Plaintiff Gene Carswell's ("Plaintiff") Complaint erroneously names US Airways Group, Inc. as a defendant.  Plaintiff was employed by US Airways, Inc., a wholly-owned subsidiary of US Airways Group, Inc.  This distinction, however, is immaterial for the purpose of this motion.

In February 2007, Plaintiff was required to retire from his position as a pilot for US Airways because he turned 60 years of age. (Amended Complaint, ¶¶ 16, 37, 62-64, 74-75.) On April 6, 2007, Plaintiff filed the instant Amended Complaint seeking to represent a class of all US Airways pilots, required to retire at age 60, since 1997. (Amended Complaint, ¶ 46.) Plaintiff contends that US Airways violates the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 et seq. ("ADEA") by not retaining pilots after age 60; not seeking exemptions from the Age 60 Rule; and not actively lobbying for change to the Age 60 Rule. (Amended Complaint, ¶¶ 12-15, 26, 29.) Plaintiff seeks monetary damages and an injunction preventing US Airways from terminating pilots over the age of 60 or actively lobbying for the Age 60 Rule. (Amended Complaint, pp. 22-23.)

Plaintiff's Amended Complaint must be dismissed as a matter of law because the ADEA does not prohibit an employer who is subject to the Age 60 Rule from discharging a pilot who has turned 60. Likewise, the ADEA does not require US Airways to publicly oppose the Age 60 Rule. To the contrary, the First Amendment protects any decision by US Airways to either speak or petition the Government on any aspect of the Age 60 Rule.

### A.   Plaintiff's Allegations

Plaintiff's Amended Complaint contains four counts of age discrimination against US Airways: Count I - Violation of the ADEA; Count II – Age Discrimination (Disparate Treatment); Count III – Age Discrimination (Disparate Impact); and Count IV - Age Discrimination (Collusion). (Amended Complaint, ¶¶ 78-94.)

At their core, all four Counts are premised on the same allegation: that by forcing Plaintiff (and all other pilots) to retire at age 60, US Airways has violated the ADEA.

(Amended Complaint, ¶¶ 1, 2, 3, 5, 8, 34, 35, 53, 79, 80, 83, 89, 93.)  Plaintiff also makes several ancillary allegations surrounding his core claim that mandatory pilot retirement at age 60 violates the ADEA.  Plaintiff complains that US Airways has: (1) not publicly commented against the Age 60 Rule (Amended Complaint, ¶¶ 26, 29); (2) failed to join his petition to the FAA for an exemption from the Age 60 Rule (Amended Complaint, ¶¶ 12, 15, 26, 35); and (3) not actively lobbied for a change to the Age 60 Rule (Amended Complaint, ¶¶ 14, 15, 26).  The bulk of the remainder of Plaintiff's Amended Complaint is devoted to a purported outline of the history of the Age 60 Rule and the positions (or lack thereof) taken by the Equal Employment Opportunity Commission ("EEOC"), labor unions, and US Airways with respect to the Age 60 Rule, as well as the FAA's recent Notice of Proposed Rulemaking regarding the rule.  (Amended Complaint, ¶¶ 18-29.)

### B.  History of the Age 60 Rule

An understanding of the history of the Age 60 Rule is important to place Plaintiff's claims in the proper context.  As set forth more fully below, in the nearly 50 years since the Age 60 Rule was promulgated, it has never been changed by the FAA and has been repeatedly upheld by federal courts.

The Age 60 Rule mandates:

> No certificate holder may use the services of any person as a pilot on an airplane engaged in operations under [Part 121][2] if that person has reached his 60th birthday.  No person may serve as a pilot on an airplane engaged in operations under [Part 121] if that person has reached his 60th birthday.

14 C.F.R. § 121.383(c).  The FAA may grant an exemption from the Age 60 Rule if the FAA finds the exemption is in the public interest.  49 U.S.C. § 44701(f).

---

[2] Part 121 covers operations of large commercial passenger aircraft, smaller propeller aircraft with 10 or more passenger seats, and common carriage operations of all-cargo aircraft with a payload capacity of 7500 pounds.  14 C.F.R. Part 121.  US Airways is an air carrier certificated under Part 121.

3

The origins of the Age 60 Rule were set forth in Professional Pilots Federation v. FAA, 118 F.3d 758 (D.C. Cir. 1997), cert. denied, 523 U.S. 1117 (1998):

> The FAA first promulgated the Age 60 Rule in 1959 pursuant to its mandate under the Federal Aviation Act of 1958 to ensure air safety. 24 Fed. Reg. 9767 (December 5, 1959). See 49 U.S.C. § 44701(a)(4) (authorizing Administrator to promulgate "regulations in the interest of safety for the … periods of service of airmen"); 49 U.S.C. § 44701(c) (requiring Administrator to regulate "in a way that best tends to reduce or eliminate the possibility or recurrence of accidents in air transportation"); 49 U.S.C. § 44702(b)(1)(A) (requiring Administrator to consider "the duty of an air carrier to provide service with the highest possible degree of safety" when issuing an airman, air carrier, or other certificate)[.]

Id. at 760-61.

The first of many challenges to the validity of the Age 60 Rule was brought by the Air Line Pilots Association, International ("ALPA") in Air Line Pilots Ass'n, Int'l v. Quesada, 276 F.2d 892 (2d Cir. 1960). In Quesada, the Second Circuit upheld the Age 60 Rule, concluding that the court could not substitute its own "untutored judgment for the expert knowledge of the agency." Id. at 898.

ALPA thereafter filed a petition with the FAA in June 1970, requesting revocation of the Age 60 Rule. See O'Donnell v. Shaffer, 491 F.2d 59, 60 (D.C. Cir. 1974). The FAA held public hearings in October 1971 and denied all petitions to revoke the rule in March 1972. Id. The FAA's action was upheld by the District of Columbia Circuit Court in O'Donnell, which found that the pilots' due process rights were not violated by the FAA, the FAA's procedures were adequate, and the FAA's decision was not unreasonable. Id. at 62-63.

Pilots also challenged FAA denials of exemptions from the Age 60 Rule. Courts uniformly upheld the FAA on the grounds that the FAA is the sole authority on matters affecting flight safety and pilot qualifications. See e.g., Keating v. FAA, 610 F.2d 611,

612 (9th Cir. 1979); Gray v. FAA, 594 F.2d 793 (10th Cir. 1979); Rombough v. FAA, 594 F.2d 893 (2d Cir. 1979); Starr v. FAA, 589 F.2d 307 (7th Cir. 1978).

In 1979, the House of Representatives rejected a proposal to relax the Age 60 Rule, and directed the National Institutes of Health to conduct a study to determine if sufficient medical evidence supported the rule. See Pub. L. No. 96-171, 93 Stat. 1285 (December 29, 1979). The FAA subsequently published an Advance Notice of Proposed Rulemaking on implementing a program to gather data on whether persons over 60 could safely serve as pilots, 47 Fed. Reg. 29,782 (July 8, 1982), but in 1984, the FAA determined there was no medical or other system that could identify particular older pilots who would pose a safety hazard and no change was made to the Age 60 Rule. 49 Fed. Reg. 14,692, 14,695 (April 12, 1984). Thereafter, in the 1990s, the FAA's denial of pilot petitions for an exemption to the Age 60 Rule continued to be upheld. See, e.g., Baker v. FAA, 917 F.2d 318, 322 (7th Cir. 1990) (stating that the court must defer to the expertise of the FAA).

In 1993, the FAA again held a public hearing and invited comments as to whether a rulemaking concerning the Age 60 Rule should be instituted. Professional Pilots, 118 F.3d at 761, citing 58 Fed. Reg. 21,336 (April 20, 1993)). After two years of review, the FAA decided to retain the Age 60 Rule. 60 Fed. Reg. 65,977 (December 20, 1995). The FAA's decision to retain the rule was challenged and upheld by the District of Columbia Circuit Court, which found that the FAA had not acted arbitrarily or capriciously in deciding not to conduct a rulemaking for the purpose of amending the Age 60 Rule. Professional Pilots, 118 F.3d at 770.

5

Pilot challenges to the Age 60 Rule continued, and in April 2000, a petition for exemption from the Age 60 Rule was filed on behalf of 69 pilots. See Yetman v. Garvey, 261 F.3d 664, 668 (7th Cir. 2001). The pilots submitted medical evidence and expert recommendations. After reviewing the over 800 comments regarding the Age 60 Rule received during this process, the FAA denied the petition. Id. The court in Yetman noted that the FAA had never granted such a petition, and held that maintaining a rigid Age 60 Rule was within the FAA's discretion. Id. at 679. The court further noted that the Age 60 Rule's "validity has been upheld by the courts and reevaluated by Congress." Id.

More recently, on October 25, 2006, the FAA published a Notice of Proposed Rulemaking in the Federal Register. 71 Fed. Reg. 62,399. The Notice stated:

> In November 2006, the International Civil Aviation Organization (ICAO) will adopt an amendment to increase the "upper age limit" for airline pilots up to age 65 provided another crewmember pilot is under age 60. On September 27, 2006, Administrator Blakey established an Aviation Rulemaking Committee (ARC) on the Age 60 Rule. One of its tasks is to recommend whether the United States should adopt the new ICAO standard. The FAA and the ARC are requesting comments from the public about whether the FAA should adopt the ICAO standard and any issues surrounding adopting or not adopting the standard.

71 Fed. Reg. 62,399. The comment period closed on November 15, 2006. On January 30, 2007, the FAA announced that it intended to issue a Notice of Proposed Rulemaking seeking to change the Age 60 Rule. (Amended Complaint, ¶ 23.) The FAA has not, as of this date, taken any further action and the Age 60 Rule remains unchanged.

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint." Newby v. Department of Transportation, 2006 U.S. Dist. LEXIS 48621, *3 (D.D.C. 2006), citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Rule 12(b)(6)

6

authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). See also Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.D.C. 1993) (A court can fully resolve any purely legal question on a motion to dismiss).

III.    ARGUMENT

Plaintiff's Amended Complaint fails to state a violation of the ADEA as a matter of law and must be dismissed. As set forth more fully below, US Airways' compliance with the Age 60 Rule cannot give rise to liability under the ADEA, nor does the ADEA require US Airways to petition the Government or publicly comment on the Age 60 Rule.

A.  **As a Matter of Law, US Airways Cannot Be Liable Under the ADEA For Complying With Federal Law.**

As a Part 121 air carrier subject to the federal aviation regulations, US Airways has no choice but to abide by the Age 60 Rule. Where an employer is subject to the Age 60 Rule, the ADEA does not prohibit the employer from discharging a pilot because he has turned 60. Coupé v. Federal Express Corp., 121 F.3d 1022, 1023 (6th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

In Coupé, the Sixth Circuit addressed the identical claim presented here. A pilot sued a Part 121 airline, alleging that his termination at age 60 violated the ADEA and seeking an injunction requiring the airline to reinstate him as a pilot. The airline filed a motion to dismiss pursuant to Rule 12(b)(6), which was granted by the district court and affirmed by the appellate court "[b]ecause we agree with the district court that the age 60 rule provides Federal Express a good defense to the ADEA claim as a matter of law[.]" 121 F.3d at 1024. The court explained:

> We hold only that Federal Express need not independently judge the soundness of the age 60 rule. Were it otherwise, Federal Express would be required to second-guess the very agency established by Congress to regulate it. We do not believe the ADEA mandates such a peculiar result, and we are aware of no judicial decision holding that it does.

Id. at 1026.

Plaintiff alleges that the Age 60 Rule is discriminatory and that the EEOC has stated the Age 60 Rule violates the ADEA. (Amended Complaint, ¶¶ 16, 20.) However, this argument has already been specifically rejected by the District of Columbia Circuit Court in Professional Pilots, supra. There, the pilots claimed that the Age 60 Rule forces airlines to discriminate on the basis of age and therefore directly conflicts with the ADEA. 118 F.3d at 762. The Court rejected this claim, stating:

> We agree with the FAA that the ADEA places no substantive limitation upon the agency's authority to act as a regulator of the airline industry ... Nothing in the Act can plausibly be read to restrict the FAA from making age a criterion for employment when it acts in its capacity as the guarantor of public safety in the air. The general prohibition of the ADEA ... should not be read by mere implication to override the specific grants of authority to the FAA in 49 U.S.C. § 44701. If the Congress intends to limit the means available to the FAA in its pursuit of air safety, we trust it will say so rather than leave the matter to the courts to infer. Therefore, we conclude that the ADEA does not limit the authority of the FAA to prescribe a mandatory retirement age for pilots[.]

Id. at 763. Because "the ADEA does not limit the authority of the FAA to regulate air carriers in the interest of safety," Id. at 770, any statements or positions on the issue by the EEOC cannot affect either the validity of the Age 60 Rule or the fact that US Airways is bound to follow the Age 60 Rule.

Plaintiff's Amended Complaint devotes a great deal of space to a discussion of the ongoing rulemaking being conducted by the FAA on the Age 60 Rule. (Amended Complaint, ¶¶ 18-28.) However, the FAA's review of the Age 60 Rule does not affect its

8

current validity, any more than the FAA's prior reviews did during their pendency. Whether or not the FAA may change the Age 60 Rule in the future is completely irrelevant to US Airways' obligation to follow the law as it currently exists.

It is axiomatic that non-final action on an issue by a federal agency, particularly a Notice of Proposed Rulemaking, does not have the force of law and does not affect any existing legal duties. The District of Columbia Circuit Court has taken a very pragmatic view of the type of "finality" that is required to support a claim for relief or review by the courts. In order to meet the test, the action must be "the definitive statement of an agency's position; the action should have a direct and immediate . . . effect on the day-to-day business of the complaining parties; the action should have the status of law; immediate compliance with the terms should be expected; and the question should be a legal one fit for judicial resolution." Carter/Mondale Presidential Committee, Inc. v. Federal Election Commission, 711 F.2d 279, 285-86 (D.C. Cir. 1983).

The FAA's Notice of Proposed Rulemaking clearly is none of these things. It is only a solicitation for input from interested parties as part of an ongoing review process. By definition, there will only be final action when the proposed rulemaking is withdrawn or a new final rule is promulgated. In addition, given the history of this issue, it would be imprudent for this Court to speculate on what form any revision to the Age 60 Rule might take. See, e.g., EEOC v. Exxon Mobil Corp., 2007 WL 1556964, at *7 (N.D. Tex. May 30, 2007) (denying EEOC's request for preliminary injunction enjoining defendant from retiring pilots at age 60 because EEOC had not demonstrated substantial likelihood of success on the merits and stating "[t]he Court will not attempt to predict whether the FAA will formally adopt the rule after an exhaustive rule-making process."). Therefore,

9

while the current Notice of Proposed Rulemaking and FAA review of the Age 60 Rule provides an interesting backdrop to Plaintiff's claim, it does not have any effect on the outcome of this matter as "[a]ll commercial airlines are continuing to follow the Age 60 Rule until the FAA or Congress formally changes that rule." Id. at *8.

    **B.    As a Matter of Law, the ADEA Does Not Require US Airways to Publicly Oppose the Age 60 Rule.**

Plaintiff erroneously alleges that US Airways has violated its "affirmative duty to protect the Plaintiff's employment and not discriminate against him under the ADEA" by refusing to object to the Age 60 Rule, lobby against the Age 60 Rule, or request exemptions from the FAA for Plaintiff from the Age 60 Rule. (Amended Complaint, ¶¶ 12, 14, 15, 17, 26, 29.) The ADEA prohibits an employer from failing or refusing to hire or discharge an individual or otherwise discriminate against him with respect to his compensation, terms, conditions or privileges of employment because of his age. 29 U.S.C. § 623(a)(1).

The ADEA cannot, however, be used as a sword to compel US Airways to petition the Government on behalf of Plaintiff because "the ADEA does not require special treatment for older workers." EEOC v. Sperry Corp., 852 F.2d 503, 509 (10th Cir. 1988). In Tice v. Lampert Yards, Inc., 761 F.2d 1210 (7th Cir. 1985), the employer made the business decision to close the millshop where a 57-year old foreman worked. The foreman filed suit under the ADEA, contending that the employer had an affirmative duty to retain him by creating another job for him or bumping another employee. The court rejected this theory, noting that "[t]he ADEA mandates that an employer reach employment decisions without regard to age, but it does not place an affirmative duty

upon an employer to accord special treatment to members of the protected group." Id. at 1217 (citing Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. 1981)). Here too, the ADEA does not impose an affirmative duty on US Airways to object to the Age 60 Rule, lobby against the Age 60 Rule or request exemptions from the Age 60 Rule for Plaintiff or others.

Furthermore, Plaintiff's claim that he is entitled to relief based on US Airways' failure to petition the Government in support of his exemption request or on the Age 60 Rule generally is barred by the Petition Clause of the First Amendment to the United States Constitution. US Airways, like any individual or corporate citizen, has a right under the First Amendment to petition or not petition the government on any issue it wishes, and immunity from liability for any efforts to persuade government officials to adopt policy. This immunity, known as the Noerr-Pennington doctrine, protects petitioning activity directed at any branch of government, whether judicial, legislative, executive or administrative. Marina Point Development Associates v. United States, 364 F. Supp. 2d 1144, 1147 (C.D. Cal. 2005); see also Taylor v. United States Bankr. Court, 2004 U.S. Dist. LEXIS 29822, n.8 (D.S.C. 2004) ("to the extent that Plaintiff's claims are based on the alleged failure of the Bankruptcy Trustees to argue a specified position or take a specified stand in the court proceedings, those claims are 'barred by the Noerr-Pennington doctrine, which protects advocacy before all branches of government.'") (citations omitted). The Noerr-Pennington doctrine and First Amendment immunity are applicable as defenses to causes of action arising under federal civil rights laws. Barnes Foundation v. Township of Lower Merion, 242 F.3d 151, 160 (3rd Cir. 2001).

Likewise, the Free Speech Clause of the First Amendment bars Plaintiff's efforts to have this Court punish US Airways for its speech, or lack thereof, on the Age 60 Rule through the award of money damages and an order enjoining US Airways from actively lobbying for the Age 60 Rule. (Amended Complaint, p. 27 at ¶ (c).) The First Amendment does not permit the Court to impose special prohibitions on those speakers who express views on subjects disfavored by Plaintiff. R.A.V. v. City of St. Paul, 505 U.S. 377, 391 (1992).

As in R.A.V., Plaintiff in this matter goes beyond "mere content discrimination, to actual viewpoint discrimination." R. A. V., 505 U.S. at 391. He seeks to impose liability based not on the fact that the US Airways may have chosen to take a position on the Age 60 Rule, but that US Airways allegedly has taken a position with which he disagrees. As the Supreme Court noted, the state "has no such authority to license one side of a debate to fight freestyle, while requiring the other to follow the Marquis of Queensbury rules." R.A.V., at 392.

## IV. CONCLUSION

As a certificated air carrier, US Airways must follow federal aviation regulations promulgated by the FAA. US Airways is not permitted to second guess these decisions or substitute its own judgment for that of the FAA. As a matter of law, US Airways' compliance with the Age 60 Rule unless and until it is changed by Congress or the FAA cannot give rise to liability under the ADEA.

WHEREFORE, US Airways respectfully requests that Plaintiff's Amended Complaint be DISMISSED with prejudice and that US Airways recover its costs of court and receive such other relief to which it may be entitled.

Dated: June 25, 2007

Respectfully submitted,

DOMBROFF GILMORE JAQUES & FRENCH, PC

By: /s/ Mark A. Dombroff
Thomas B. Almy (#371235)
Mark A. Dombroff (#23218)
Mark E. McKinnon (#463451)
1676 International Dr., PH
McLean, VA 22102
Tel. (703) 336-8715
Fax (703) 336-8750

and

Erin Flaharty Lewin
US Airways Group, Inc.
111 W. Rio Salado Parkway
Tempe, AZ 85281
Tel. (480) 693-5805

Attorneys for Defendant US Airways Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June 2007, US Airways Group, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Points and Authorities in Support Thereof was served on the persons identified below by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
By Electronic Document Filing System

Rosemary Dettling, Esq.
3120 Brandywine St., NW
Washington, DC 20008
By Electronic Document Filing System

David Semanchick
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20170
By Electronic Document Filing System

Leon Dayan
BREDHOFF & KAISER
805 Fifteenth St., N.W.
Washington, D.C. 20005
By Electronic Document Filing System

/s/ Mark A Dombroff
Mark A. Dombroff

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, et al., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Air Line Pilots Association, International; US Airways Group, Inc.; and American Federation of Labor and Congress of Industrial Organization,<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No.1:07-cv-00651<br>*<br>*   Judge Reggie B. Walton<br>*<br>*<br>*<br>* |

**ORDER**

The Court, having considered US Airways Group, Inc.'s Motion to Dismiss Plaintiff's Complaint, hereby orders that the motion be, and the same hereby is, granted.

The Complaint against US Airways Group, Inc. is hereby DISMISSED WITH PREJUDICE.

_____                                          _____
Date                                                                              The Hon. Reggie B. Walton
                                                                                          UNITED STATES DISTRICT JUDGE

List of Counsel and Unrepresented Parties Entitled to Service of Order:

Thomas B. Almy
Mark A. Dombroff
Mark E. McKinnon
1676 International Dr., PH
McLean, VA 22102
Attorneys for US Airways Group, Inc.

Rosemary Dettling, Esq.
3120 Brandywine St., NW
Washington, DC 20008
Counsel for Plaintiff

Jonathan Cohen, Chief Counsel
Air Line Pilots Association, International
1625 Massachusetts Ave., NW
Washington, DC 20036

Jon Hiatt, General Counsel
American Federation of Labor and Congress
of Industrial Organization
815 16th St. NW
Washington, DC 20006