**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>    Defendants. | Case No. 1:07-CV-00651 (RBW) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

On June 18, 2007, defendant American Federal of Labor and Congress of Industrial Organizations ("AFL-CIO") served on plaintiff Gene H. Carswell, pursuant to Fed. R. Civ. P. 11, a motion for an order imposing sanctions against Carswell and his counsel, as a result of Carswell's refusal to dismiss the AFL-CIO as a defendant from his original Complaint, filed April 6, 2007. In its motion, the AFL-CIO explained, inter alia, that, any minimal factual investigation would have demonstrated that the AFL-CIO owed no legal duty to Carswell regarding the subject matter of his Complaint given that the AFL-CIO was not a signatory to any collective bargaining agreement governing Carswell or other pilots at defendant U.S. Airways, and given that the AFL-CIO has no practical or legal control or responsibility for the actions of defendant Air Line Pilots Association, International ("ALPA").

On June 22, 2007, Carswell filed a motion to amend his original complaint, which was granted by the District Court on June 25, 2007. On July 5, 2007, Carswell filed his Amended Complaint, which persists in including the AFL-CIO as a defendant to this action. Carswell's filing of the Amended Complaint did not cure the problems in the original Complaint that were identified in the AFL-CIO's Rule 11 motion, and therefore did not moot the motion. In fact, the Amended Complaint strengthens the appropriateness of imposing sanctions against Carswell and his counsel for several reasons:

1. Whereas the original Complaint was signed by Carswell himself, the Amended Complaint is signed by Carswell's counsel. The signature of Carswell's counsel on the Amended Complaint explicitly subjects her to the strictures of Rule 11 with regard to the factual allegations and legal contentions contained therein. See Fed. R. Civ. P. 11(b) (Rule 11 is triggered by "present[ations]" made to a Court by "signing, filing, submitting, or later advocating[] a pleading, written motion, or other paper."). While Carswell's counsel was previously subject to sanctions for having endorsed the allegations of the Complaint by filing a notice of appearance in the case, see Turner v. Sunguard Bus. Sys., Inc., 91 F.3d 1418 (11th Cir. 1996), the signature of Carswell's counsel on the Amended Complaint clears any possible doubt about her personal exposure to sanctions for her conduct in this case, as well as eliminates any argument that the Carswell should receive extra latitude regarding the allegations of the original Complaint due to his previous status as a pro se litigant.

2. Carswell's decision to amend his complaint without dismissing the action against the AFL-CIO, subsequent to his receipt of the AFL-CIO's Rule 11 motion, vanquishes any possible argument that Carswell and his counsel were not on notice of the frivolous nature of their allegations regarding the AFL-CIO at the time Carswell presented them to the Court. As

described in the AFL-CIO's Memorandum of Law that accompanied its Rule 11 Motion, the AFL-CIO had explained in writing and in telephonic conversation to Carswell's counsel that Carswell's Complaint was without merit as to its charges against the AFL-CIO prior to service of its Rule 11 Motion.  Memorandum in Support of Defendant AFL-CIO's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Memorandum"), pp. 3-4.  The Rule 11 Motion and Memorandum set out in further detail the reasons why the AFL-CIO owed no legal duty to Carswell, and put Carswell on clear notice of the meritless nature of his Complaint.  Rather than simply cede to the AFL-CIO's request to be dropped from suit, or even respond informally to the arguments set out in the AFL-CIO's motion, Carswell has decided, in the face of the AFL-CIO's motion, to re-affirm the allegations made in his original Complaint.  Consequently, Carswell's allegations regarding the AFL-CIO in the Amended Complaint have been made in full awareness that they are legally and factually frivolous.

In fact, instead of amending the Complaint to cure the defects highlighted in the AFL-CIO's Rule 11 Motion, Carswell's Amended Complaint contains <u>new</u> allegations that only further compound the total lack of basis for his suit against the AFL-CIO.  As discussed in the Rule 11 Motion and Memorandum, Carswell's theory of liability rests on the contention that the AFL-CIO is liable to him for breach of the duty of fair representation that unions owe to the employees that they represent.  <u>Id.</u> at pp. 2-3.  For the reasons discussed in the Rule 11 Motion and Memorandum, the AFL-CIO cannot be liable for the breach of such a duty because it never owed one to Carswell: under federal labor law doctrines, only the union that is the signatory of the collective bargaining agreement covering the employee in question owes a duty of fair representation to the employee, and the AFL-CIO has never been a signatory to a collective bargaining agreement that covered Carswell.  <u>Id.</u> at 6-7; <u>Sine v. Local No. 992, Int'l Bhd. of</u>

3

Teamsters, 730 F.2d 964, 966 (4th Cir. 1984) (international union could not be liable for breach of duty of fair representation where it was not a party to the plaintiff-employees' collective bargaining agreement).

Astonishingly, Carswell essentially <u>acknowledges</u> this fact in his Amended Complaint: Carswell's Amended Complaint asserts new claims against the AFL-CIO for breach of contract and breach of the duty of fair representation . In support of his claims, he has included the <u>new</u> allegation that "[t]he employment relationship between US Airways and the Class members is governed by a Collective Bargaining Agreement contract with ALPA, <u>and supported by the AFL-CIO</u>." Amended Complaint, ¶¶ 96, 110 (emphasis added). In other words, Carswell has implicitly acknowledged that the AFL-CIO is <u>not</u> a party to the collective bargaining agreement at issue. Nonetheless, he persists in bringing suit against the AFL-CIO for breach of contract and breach of the duty of fair representation. His only possible basis for his action is the new nebulous assertion that the AFL-CIO "supports" the collective bargaining agreement between US Airways and Carswell. Of course, for the reasons set out in the AFL-CIO's Rule 11 Motion and Memorandum, any "support" of the AFL-CIO for ALPA, does not, as a legal or factual matter, subject the AFL-CIO to liability for ALPA's actions. <u>See</u> Memorandum, pp. 8-10. Carswell's apparent attempt to cure the defects of his complaint through the addition of vague allegations that merely make opaque the legal and factual basis for his claims cannot satisfy Rule 11.

\*          \*          \*

For the reasons set out in the original Rule 11 Motion and Memorandum, as well as for the foregoing supplemental reasons, Defendant American Federation of Labor and Congress of Industrial Organizations' Motion for Sanctions should be granted and this Court should impose

4

sanctions, including all attorneys' fees and costs incurred in drafting and litigating this Motion, upon Plaintiff Gene H. Carswell and his counsel.

Dated: July 12, 2007                    __/s/Leon Dayan_____
                                        Leon Dayan (D.C. Bar No. 444144)
                                        Joshua B. Shiffrin (D.C. Bar No. 501008)*
                                        BREDHOFF & KAISER P.L.L.C.
                                        805 Fifteenth Street NW
                                        Suite 1000
                                        Washington, DC 20008
                                        (202)842-2600

                                        Counsel for Defendant AFL-CIO

*Admission to Bar of U.S. District Court for District of Columbia currently pending.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July 2007, I served by ECF the foregoing Supplemental Memorandum in Support of Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 upon:

Rosemary Dettling
FEDERAL EMPLOYEE LEGAL SERVICES
3120 Brandywine Street NW
Washington, DC  20008
Telephone: (202)390-4741
Facsimile: (888)241-6719
email: redettling@felsc.com

*Counsel for Plaintiff Gene H. Carswell*

David Michael Semanchik
Granville Clayton Warner
AIR LINE PILOTS ASSOCIATION INTERNATIONAL
535 Herndon Parkway
Herndon, VA  20170
Telephone: (703)689-4393
Facsimile: (703)481-2478
email: david.semanchik@alpa.org
       clay.warner@alpa.org

*Counsel for Defendant Air Line Pilots Association International*

Thomas Barton Almy
DOMBROFF & GILMORE, P.C.
1676 International Drive – PH
McLean, VA  22102
Telephone: (703)336-8723
Email: talmy@dglitigators.com

*Counsel for U.S. Airways Group, Inc.*

                                                              /s/Leon Dayan
                                                               Leon Dayan