UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>Defendants. | Case: 1:07-CV-00651(RBW) |

JOINT MOTION OF DEFENDANTS
AIR LINE PILOTS ASSOCIATION, INT'L, US AIRWAYS GROUP, INC., AND AMERICAN
FEDERATION OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS
FOR A STAY OF PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION
PENDING RULING ON MOTIONS TO DISMISS

Defendants Air Line Pilots Association, Int'l ("ALPA"), US Airways Group, Inc. ("US Airways") and American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") (collectively, "Defendants") jointly move for an order staying the time for filing responses to Plaintiff's motion for conditional class certification until after the Court has ruled on the motions to dismiss that have been filed (in the case of US Airways) and will soon be filed (in the case of ALPA and AFL-CIO).

In support of this motion, Defendants state as follows:

1.     The original complaint in this case was served on the defendants in mid-May. That original version of the complaint contained four counts, and each count asserted claims

under the Age Discrimination in Employment Act ("ADEA") against one or more of the Defendants.

2. US Airways filed a motion to dismiss on June 14.

3. On July 5, the Plaintiff filed an amended complaint. The amended complaint retained the four existing ADEA counts, and added four new counts against ALPA and AFL-CIO.

4. US Airways has on file a motion to dismiss the amended complaint.

5. ALPA and AFL-CIO will file motions to dismiss all claims in the amended complaint – both the ADEA claims and the four new claims – prior to July 23, which is the date a response to the amended complaint is due in accordance with Fed. R. Civ. P. 15(a).

6. On July 5 – the same day the amended complaint was filed, and about six weeks after the original complaint was served – Plaintiff filed a motion for conditional class certification. In accordance with Local Rule 7(b), Defendants' responses to that motion would be due July 19.

7. Courts regularly postpone consideration of class certification to address dispositive motions where some or all of the claims can be dismissed early in the litigation process. Curtin v. United Airlines, Inc., 275 F.3d 88, 92-93 (D.C. Cir. 2001); Telfair v. First Union Mortgage Corp., 216 F.3d 1333, 1343 (11th Cir. 2000); Cowen v. Bank United of Texas, 70 F.3d 937, 941-42 (7th Cir. 1995); Berriochoa Lopez v. U.S., 309 F.Supp.2d 22, 23 n.1 (D.D.C.)(Sullivan, J.), aff'd, 2004 WL 2616294 (D.C. Cir. 2004); Garcia v. Veneman, 211 F.R.D. 15, 19 n.2 (D.D.C. 2002)(Robertson, J.), aff'd, 444 F.3d 625 (D.C. Cir. 2006). Where a case is ripe for decision at an early stage, postponing decisions on class certification "spares both the parties and the court a needless, time-consuming inquiry into certification." Curtin, 275 F.3d

at 92-93, citing Federal Judicial Center, Manual for Complex Litigation (Third) §30.11 (1995) ("[w]hen it is clear that the action lacks merit, dismissal [before certification] will avoid unnecessary expense for the parties and burdens for the court"). See also Garcia, 211 F.R.D. at 19 n. 2 ("A court may certainly decide dispositive motions prior to determining whether the case can be maintained as a class action . . . . Once the court disposes of a claim, the court need not consider the disposed-of claim as a basis for class certification.").

8. The motion to dismiss filed by US Airways seeks dismissal of all of the claims made against it, and the motions that will be filed soon by ALPA and AFL-CIO will seek dismissal of all of the claims made against them. The papers are (in the case of US Airways) and will be (in the case of ALPA and AFL-CIO) concise, timely, and easily addressed by the Court. In other words, this Court, like the District Court in Curtin, will "readily and correctly perceive fatal flaws in plaintiffs' claims" that will make it unnecessary to address the propriety of class certification. Curtin, 275 F.3d at 92. The papers already filed by US Airways demonstrate that the claims against US Airways are predicated on the extremely tenuous notion that US Airways violated one federal law – the ADEA – by following another – a longstanding FAA regulation that prohibits persons over age 60 from serving as pilots of commercial passenger aircraft. Not surprisingly, there is no support for that assertion. (US Airways' Motion to Dismiss, docket entry 19 at pp. 7-12.) The claims against ALPA and AFL-CIO are similarly tenuous: that the union representing pilots employed by US Airways, and a federation to which that union belongs, violated federal law by permitting US Airways to follow this mandatory FAA regulation.

9. In addition, discovery may well be needed to ascertain whether Plaintiff is an appropriate class representative. It is by no means clear that Plaintiff, who alleges he worked

only for defendant US Airways and was the member of a bargaining unit of US Airways workers, can properly represent the thousands of unnamed plaintiffs working for other employers in other bargaining units. Indeed, it is not even clear that Plaintiff identified other airlines or other bargaining units in his EEOC charge, which he has not attached to his complaint or any of his filings, and which Defendants have never received. Nor is it clear that Plaintiff, who does not allege that he has filed a waiver request with the FAA, is an appropriate representative for those pilots who have filed waiver requests. The fact that some discovery would appear to be in order on class-representation issues, and that it would not constitute efficient case management to have discovery being conducted on class issues while substantial dispositive motions apt to lead to the dismissal of all or large portions of the case are pending, provides an additional reason to defer the response deadlines for the class action motion.[1]

10. Defendants have not previously sought a stay or extension to respond to plaintiff's motion for conditional class certification, but ALPA and AFL-CIO previously sought and received extensions to respond to the initial complaint. Those extensions became moot with the filing of the amended complaint on July 5.

11. No other deadlines have been established in this case, so the requested stay will not affect any previously scheduled deadlines.

12. In the event that the Court's rulings on Defendants' motions to dismiss make it necessary to consider Plaintiff's motion for conditional class certification, Defendants suggest that the Court require opposition memoranda to be filed forty-five days after the Court rules on

---

[1] Class certification will also present several disputes, including (i) whether it is proper to certify a "subclass" that is many times larger than the proposed class (see Am. Compl., ¶¶46-60), and (ii) whether plaintiff's counsel (who list no experience in class litigation, see plaintiffs' memorandum in support of motion for conditional class certification, docket entry 22, part 2 at 15-16) are qualified to serve as class counsel.

4

the motions to dismiss, which will allow for any necessary discovery regarding conditional class certification issues, and require Plaintiff's reply memorandum to be filed fifteen days thereafter.

13. In the alternative, the Court should await the completion of briefing on the pending dispositive motions, which on the current schedule would be accomplished by August 16, 2007, before setting a deadline for the responses to the class certification motion. At that point, the Court will be better situated to make a determination based on the briefs in support of the motions to dismiss, as to the likelihood that this case will proceed past the pleading stage. If the Court, based on the materials before it at that time, determines that the conditional class-certification motion should be litigated, it can set an appropriate schedule at that time.

14. In accordance with Local Rule 7(m), counsel for ALPA (acting, in this respect, on behalf of all Defendants) discussed this motion with counsel for Plaintiff and determined that Plaintiff opposes the motion.

[signatures on following page]

Respectfully submitted,

Dated: July 13, 2007

/s/ Clay Warner
Clay Warner (D.C. Bar No. 398346)
David M. Semanchik (D.C. Bar No. 502837)
AIR LINE PILOTS ASSOCIATION
LEGAL DEPARTMENT
1625 Massachusetts Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 797-4095
Facsimile: (202) 797-4014
Email: Clay.Warner@alpa.org
Email: David.Semanchik@alpa.org

Counsel for Air Line Pilots Association, Int'l

Thomas B. Almy (D.C. Bar No. 371235)
Mark A. Dombroff (D.C. Bar No. 23218)
DOMBROFF & GILMORE, P.C.
1676 International Drive - PH
McLean, VA 22102
Telephone: (703) 336-8723
Facsimile: (703) 336-8750
Email: talmy@dglitigators.com
Email: mdombroff@dglitigators.com

Erin Flaharty Lewin (admitted pro hac vice)
US AIRWAYS GROUP, INC.
111 W. Rio Salado Parkway
Tempe, AZ 85281
Telephone: (480) 693-5805
Email: erin.lewin@usairways.com

Counsel for US Airways Group, Inc.

Leon Dayan (D.C. Bar No. 444144)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005-2207
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
Email: ldayan@redhoff.com

Counsel for American Federation of Labor and
        Congress of Industrial Organizations

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13${}^{th}$ day of July 2007, the foregoing **JOINT MOTION OF DEFENDANTS AIR LINE PILOTS ASSOCIATION, INT'L, US AIRWAYS GROUP, INC. AND AMERICAN FEDERATION OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS FOR A STAY OF PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION PENDING RULING ON MOTIONS TO DISMISS**, and a copy of the proposed **ORDER**, were served by first-class mail, postage prepaid, upon:

>   Rosemary Dettling
>   Federal Employee Legal Services
>   3120 Brandywine Street, NW
>   Washington, DC  20008
>   Email: rdettling@felsc.com
>
>   Joanne Dekker Donohue
>   16848 Hamilton Station Road
>   Hamilton, VA  20158
>   Email: esqjdjd@aol.com
>
>   *Counsel for Plaintiff Gene H. Carswell*

                                   /s/ Clay Warner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>Defendants. | Case: 1:07-CV-00651(RBW) |

ORDER

Having considered the Joint Motion of Defendants for a Stay of Plaintiff's Motion for Conditional Class Certification Pending Ruling on Motions to Dismiss, it is

ORDERED that the Joint Motion is granted. Accordingly, memoranda in opposition to Plaintiff's Motion for Conditional Class Certification must be filed within forty-five days after the Court rules on Defendants' motions to dismiss, and Plaintiff's reply memorandum must be filed within fifteen days thereafter, unless the Court's rulings on motions to dismiss make it unnecessary to consider Plaintiff's Motion for Conditional Class Certification.

_____
Hon. Reggie B. Walton
United States District Court Judge

SERVICE LIST

Rosemary Dettling
FEDERAL EMPLOYEE LEGAL SERVICES
3120 Brandywine Street, NW
Washington, DC 20008
Telephone:  (202) 390-4741
Facsimile:  (888) 241-6719
e-mail:  rdettling@felsc.com

Joanne Dekker Donohue
16848 Hamilton Station Road
Hamilton, VA  20158
Telephone:  (540) 338-4841
E-mail:  esqjdjd@aol.com

Counsel for Plaintiff, Gene H. Carswell


Clay Warner (D.C. Bar No. 398346)
David M. Semanchik (D.C. Bar No. 502837)
AIR LINE PILOTS ASSOCIATION, INT'L
LEGAL DEPARTMENT
1625 Massachusetts Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 797-4095
Facsimile: (202) 797-4014
e-mail:  Clay.Warner@alpa.org
e-mail:  David.Semanchik@alpa.org

Counsel for Defendant, Air Line Pilots Association, Int'l


Leon Dayan
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005-2207
Telephone:  (202) 842-2600
Facsimile: (202) 842-1888
e-mail: ldayan@bredhoff.com

Counsel for Defendant,
   American Federation of Labor and Congress of Industrial Organizations

Thomas B. Almy (D.C. Bar No. 371235)
Mark Dombroff (D.C. Bar No. 23218)
DOMBROFF & GILMORE, P.C.
1676 International Drive - PH
McLean, VA 22102
Telephone:  (703) 336-8723
Facsimile:  (703) 336-8750
e-mail:  talmy@dglitigators.com

Erin Flaharty Lewin (admitted pro hac vice)
US AIRWAYS GROUP, INC.
111 W. Rio Salado Parkway
Tempe, AZ  85281
Telephone:  (480) 693-5805
e-mail:  erin.lewin@usairways.com

Counsel for US Airways Group, Inc