IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Air Line Pilots Association, International; US Airways Group, Inc.; and American Federation of Labor and Congress of Industrial Organization,<br><br>Defendants. | Civil Action No.1:07-cv-00651<br><br>Judge Reggie B. Walton |

**US AIRWAYS GROUP, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Comes now Defendant US Airways Group, Inc. ("US Airways"),[1] by counsel, and for its Reply to Plaintiff's Response to US Airways' Rule 12(b)(6) Motion to Dismiss, states as follows:

**I.    INTRODUCTION**

Under federal law, Plaintiff was legally forbidden from serving as a pilot on US Airways' aircraft once he reached 60 years of age. 14 C.F.R. 121.383(c) (the "Age 60 Rule"). While Plaintiff points to anticipated FAA rulemaking on the Age 60 Rule, he does not contest that the regulation is still the law of the land and that US Airways is required to follow it. Instead, Plaintiff argues that US Airways discriminated against him

---

[1] Plaintiff Gene Carswell's ("Plaintiff") Amended Complaint erroneously names US Airways Group, Inc. as a defendant. Plaintiff was employed by US Airways, Inc., a wholly-owned subsidiary of US Airways Group, Inc. This distinction, however, is immaterial for the purpose of US Airways' Motion to Dismiss.

by failing to offer him another job when he turned age 60, and that US Airways owed him a fiduciary duty yet conspired with the defendant unions to terminate pilots at age 60. As shown below, the claims set forth in the Amended Complaint, as well as the new allegations raised in Plaintiff's Response to US Airways' Motion to Dismiss ("Plaintiff's Response")[2], are completely without merit, and this action should be dismissed.

## II.  ARGUMENT

### A.  US Airways Cannot Be Held Liable for Complying with the Age 60 Rule.

Plaintiff's Response does not argue that the Age 60 Rule is invalid. The most that Plaintiff can muster is a footnote wherein he wrongly claims that US Airways has not cited any cases confirming or overruling the validity of the Age 60 Rule. See Plaintiff's Response, p.8, n. 5. On the contrary, US Airways cited several cases repeatedly upholding the Age 60 Rule. See e.g., O'Donnell v. Shaffer, 491 F.2d 59 (D.C. Cir. 1974) (upholding the FAA's denial of all petitions to revoke the Age 60 Rule); Professional Pilots Fed'n v. FAA, 118 F.3d 758 (D.C. Cir. 1997), cert. denied, 523 U.S. 1117 (1998) (upholding the FAA's decision to retain the Age 60 Rule); Yetman v. Garvey, 261 F.3d 664, 679 (7th Cir. 2001) (noting that the Age 60 Rule's "validity has been upheld by the courts").[3]

Plaintiff then fails to distinguish two cases holding that the Age 60 Rule does not violate the ADEA, explicitly rejecting the core of Plaintiff's Amended Complaint. See Professional Pilots, supra; Coupé v. Federal Express Corp., 121 F.3d 1022 (6th Cir. 1997),

---

[2] US Airways also notes that Plaintiff's Response is untimely. The instant Motion to Dismiss was filed on June 25, 2007, meaning Plaintiff's Response was due July 9, 2007. Plaintiff's Response, however, was not filed until July 16, 2007.
[3] Plaintiff mischaracterizes US Airways' citation of these cases as an effort to demonstrate the "need" for the Age 60 Rule. See Plaintiff's Response, p. 8, n.5. US Airways' Motion takes no position on any need for the Rule; it merely points out that US Airways must abide by it.

2

cert. denied, 523 U.S. 1020 (1998)[4]. In Coupé, the Sixth Circuit held that an airline cannot be held liable under the ADEA for terminating a pilot once the pilot reaches 60 years of age. 121 F.3d at 1023. Contrary to Plaintiff's insinuation, the holding of the court in Coupé had nothing to do with Federal Express offering the plaintiff another job or the plaintiff pursuing a FAA exemption. Instead, the airline's motion to dismiss the plaintiff's age discrimination claim in its entirety was granted by the district court and affirmed by the appellate court "[b]ecause we agree with the district court that the age 60 rule provides Federal Express a good defense to the ADEA claim as a matter of law[.]" Coupé, 121 F.3d at 1024.

Likewise, in Professional Pilots, supra, the D.C. Circuit held that the Age 60 Rule does not violate the ADEA. 118 F.3d at 763. Plaintiff's attempt to distinguish Professional Pilots by noting that the case concerned the FAA as a regulator rather than as an employer is futile considering the FAA **regulates the airline industry**. Since the Age 60 Rule itself does not violate the ADEA, US Airways' adherence to the Rule, as compelled by the FAA, cannot violate the ADEA.

Plaintiff's Response attempts to downplay the significance of the Age 60 Rule by noting that the FAA has announced it will initiate a notice and comment proceeding regarding the Rule in the future. Plaintiff, however, does not and cannot contest that the Age 60 Rule is the current law and that both US Airways and Plaintiff are required to follow it. As the U.S. Supreme Court affirmed just last month, courts are generally empowered only to review final agency action, and agencies can, and do, change their positions during the rulemaking process. National Ass'n of Home Builders v. Defenders

---

[4] US Airways does not know why Plaintiff was unable to find the Coupé decision using the official citation from the Federal Reporter or why Plaintiff chose instead to use the more unreliable (albeit free) Findlaw.

of Wildlife, 127 S. Ct. 2518 (June 25, 2007). Whether or not the FAA ultimately amends the Age 60 Rule in the future is completely irrelevant to U.S. Airways' obligation to follow the law as it currently exists. See US Airways' Motion to Dismiss, pp. 8-10.

### B. The ADEA Does Not Require US Airways to Offer Plaintiff Another Position.

As it is clear that the Age 60 Rule defeats Plaintiff's claim that US Airways violated the ADEA by terminating his employment as a pilot, Plaintiff now argues that US Airways is liable because it failed to offer him employment in some other, undefined, position. Plaintiff does not allege, either in the Amended Complaint or the Response, that he applied for another position within US Airways, nor does he claim that he was qualified for another position but was passed over due to age discrimination. Rather, the Response argues that US Airways is liable for not spontaneously volunteering another position to Plaintiff once he reached age 60.

Plaintiff's new theory must fail because there is no requirement under the ADEA to offer a terminated employee an alternate position. Stacey v. Allied Stores Corp., 768 F.2d 402, 408-409 (D.C. Cir. 1985). As the court in Stacey stated, "[w]e can discern no requirement whatever in the ADEA that an employer seek to place in another position an employee whose age brings him or her under the ADEA's protective shield when that employee is being terminated for nondiscriminatory reasons." Id., see also Tice v. American Airlines, 288 F.3d 313, 315 (7th Cir. 2002) (an employer has no duty under the ADEA "to give another job to an employee validly disqualified from holding his present job."). In this case, Plaintiff was validly disqualified from holding his job as a pilot – it was required by federal law. Once that occurred, the ADEA did not require US Airways to offer Plaintiff another job.

4

Plaintiff next argues that because US Airways retains some pilots in non-flying positions once they reach age 60, "it has an obligation to offer employment to all pilots who reach age 60." See Plaintiff's Response, p. 5, citing Airline Pilots Association, Int'l v. Trans World Airlines, Inc., 713 F.2d 940 (2d Cir. 1983), aff'd in part and rev'd in part by Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985). This argument is based on Plaintiff's allegation in his Amended Complaint that less than .1% of former US Airways pilots are retained in employment after their 60th birthday in "administrative and instructional," not pilot, positions. See Amended Complaint, ¶ 3.

Trans World Airlines, however, does not support the assertion that hiring **some** pilots over age 60 in non-flying positions obligates the airline to proactively offer new employment to **all** pilots who turn age 60. On appeal of Trans World Airlines to the Supreme Court, the Court clarified that "the [ADEA] **does not require** TWA to grant transfer privileges to disqualified captains" upon reaching age 60. Thurston, 469 U.S. at 120 (emphasis added). Instead, the Court merely stated that if an airline permits captains **under** age 60 to bump into a flight engineer position, it also must extend the same opportunity to those captains **over** age 60. Id. at 121. Here, there is no allegation that US Airways had any policy of permitting pilots under age 60 to bump into administrative or instructional positions, nor is there any allegation that such a policy was in place, but the same opportunity was not extended to pilots over age 60.

In sum, the ADEA does not bar an employer from treating employees differently, it precludes treating employees differently **based on their age**. Id. Accordingly, Trans World Airlines does not support Plaintiff's novel theory that the ADEA requires an employer to treat all employees **within the same age group** (in this case, pilots who have

5

turned 60 years of age) the same. Any difference in the way that pilots are treated upon reaching age 60 cannot be age discrimination **as they all are the same age.**

### C.  US Airways Cannot Be Held Liable for Petitioning the Government.

Plaintiff's Response wholly fails to address US Airways' argument that the Noerr-Pennington doctrine provides US Airways with First Amendment immunity for petitioning (or not petitioning) the government in the manner it wishes. As US Airways demonstrated in its Motion to Dismiss, the Noerr-Pennington doctrine provides a complete defense to Plaintiff's claims that US Airways violated the ADEA by not objecting to or lobbying against the Age 60 Rule, or not petitioning the FAA for an exemption to the Age 60 Rule for Plaintiff or others. See Motion to Dismiss, pp. 9-12.

### D.  No Fiduciary Relationship Existed between US Airways and Plaintiff.

In an attempt to salvage his claims, Plaintiff argues that FAA regulations permitting US Airways to petition the FAA for an exemption from the Age 60 Rule create a fiduciary duty for US Airways to act on his behalf. See Plaintiff's Response, pp. 7-8. However, Plaintiff's Amended Complaint contains no count of breach of fiduciary duty against US Airways. Plaintiff's sole claims against US Airways in his Amended Complaint are for alleged violations of the ADEA. See Amended Complaint, ¶¶ 78-94. Plaintiff cites no authority, as none exists, supporting the notion that a plaintiff can state a claim under the ADEA by alleging that his employer breached a fiduciary duty, as opposed to claiming that the employer discriminated on the basis of age.

Moreover, Plaintiff cannot legally state a claim for breach of fiduciary duty against US Airways because Plaintiff's argument has it backwards. While a fiduciary duty may obligate a fiduciary to take certain actions on behalf of another, Plaintiff cannot

6

cite any authority for the proposition that the ability to take action that would benefit another **creates** a fiduciary relationship. If the mere ability to assist an employee creates a fiduciary relationship, every employment relationship would give rise to a fiduciary duty. Plaintiff, however, admits, as he must, that "in the normal course of an employment relationship an employer does not have a fiduciary duty to its employees ..." Plaintiff's Response at 7. Plaintiff then claims that "there are circumstances where such a fiduciary relationship is created," but does not identify any such alleged circumstances, or point to any averment in his Amended Complaint supporting such a relationship.

Plaintiff's approach to this issue is very similar to that taken by the plaintiff in Cagin v. McFarland Clinic, 317 F. Supp.2d 964 (D. Iowa 2004). In Cagin, the court likewise was faced with the question of whether a fiduciary relationship existed between an employer and employee. The court noted that "[o]ther courts that have considered whether a general fiduciary duty exists between employer and employee have rejected the proposition."[5] The court also noted that, to the extent the plaintiff claimed the parties had some dealings beyond an employment relationship, it was incumbent on the plaintiff to plead that relationship, along with sufficient facts to establish the claim, and ultimately dismissed the claim for breach of fiduciary duty because "[n]othing in the Amended Complaint suggests that the interaction between [the employee] and the [employer] went

---

[5] Id. at 969, citing Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004) (granting motion to dismiss and holding under California law that "no presumption of a confidential relationship arises from the bare fact that parties to a contract are employer and employee; rather, additional ties must be brought out in order to create the presumption of a confidential relationship between the two."); Brown v. Dorsey & Whitney, L.L.P., 267 F. Supp.2d 61, 80 (D.D.C. 2003) (holding that "an employer-employee relationship is not a fiduciary relationship"); Onanuga v. Pfizer, Inc., 2003 U.S. Dist. LEXIS 20298, No. 03-Civ-5405, 2003 WL 22670842, at *3 (S.D.N.Y. Nov. 7, 2003) (granting motion to dismiss negligent misrepresentation claim and holding that an "employer-employee relationship is not fiduciary in nature, and without alleging further facts from which to infer such a relationship existed that cause of action must be dismissed").

beyond a typical arms-length negotiation and a standard employment arrangement."[6] Id. at 969-70.

This is exactly the situation here. Plaintiff has not pled that he had any relationship with US Airways beyond the traditional employer and employee relationship, nor has he pled any facts to support the extraordinary contention made in his Response that US Airways had an affirmative duty to petition the FAA on his behalf.

### E. US Airways Cannot Be Held Liable for Conspiring with the Defendant Unions.

Finally, Plaintiff maintains that even if US Airways did not have a fiduciary duty to Plaintiff, US Airways still could not collude with the defendant unions to terminate pilots at age 60. See Plaintiff's Response, pp. 8-9. The obvious flaw in this argument is that "as a matter of substantive law, one cannot be liable for a conspiracy that does not have as its object an *actionable* wrong." Hall v. Clinton, 285 F.3d 74, 82 (D.C. Cir. 2002) quoting Riddell v. Riddell Wash. Corp., 866 F.2d 1480, 1494 (D.C. Cir. 1989) (emphasis in original). Conspiracy allegations do not set forth an independent cause of action, and they cannot be viewed separately from the underlying tort claims. McCarthy v. Kleindienst, 741 F.2d 1406, 1413 n.7 (D.C. Cir. 1984). As set forth above, terminating pilots at age 60 is not actionable under the ADEA. Therefore, a conspiracy to terminate pilots at age 60 is not actionable either. Hall, 285 F.3d at 83.

---

[6] The only case relied upon by Plaintiff, Tiberi v. CIGNA Corp., 89 F.3d 1423 (10th Cir. 1996), does not support Plaintiff's claim. In Tiberi, the court held that the plaintiff's New Mexico state law claim for breach of fiduciary duty could withstand dismissal because the plaintiff had alleged that his contract with the defendant made him an exclusive agent of the defendant's whose success hinged solely on defendant's performance. 89 F.3d at 1432. The case did not even concern an employer-employee relationship.

8

### III.  CONCLUSION

Plaintiff's Response only serves to highlight the legal deficiencies inherent in Plaintiff's age discrimination claims. As a matter of law, Plaintiff's allegations that US Airways is liable for age discrimination because it complied with the Age 60 Rule and did not petition the government for relief from the Rule fail to state a claim. US Airways' Motion to Dismiss should be granted.

WHEREFORE, US Airways respectfully requests that Plaintiff's Amended Complaint be DISMISSED with prejudice and that US Airways recover its costs of court and receive such other relief to which it may be entitled.

Dated: July 25, 2007

Respectfully submitted,

DOMBROFF GILMORE JAQUES & FRENCH, PC

By: /s/ Mark A. Dombroff
    Thomas B. Almy (#371235)
    Mark A. Dombroff (#23218)
    1676 International Dr., PH
    McLean, VA  22102
    Tel. (703) 336-8715
    Fax (703) 336-8750

    and

    Erin Flaharty Lewin
    US Airways Group, Inc.
    111 W. Rio Salado Parkway
    Tempe, AZ  85281
    Tel. (480) 693-5805

    Attorneys for Defendant US Airways Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July 2007, US Airways Group, Inc.'s Reply to Plaintiff's Response to Its Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Points and Authorities in Support Thereof was served on the persons identified below by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
By Electronic Document Filing System

Rosemary Dettling, Esq.
3120 Brandywine St., NW
Washington, DC 20008
By Electronic Document Filing System

Joanne Dekker Donohue
16848 Hamilton Station Road
Hamilton, VA  20158
By Electronic Document Filing System

David Semanchik
Granville C. Warner
Air Line Pilots Association, International
535 Herndon Parkway
Herndon, VA 20170
By Electronic Document Filing System

Leon Dayan
BREDHOFF & KAISER
805 Fifteenth St., N.W.
Washington, D.C. 20005
By Electronic Document Filing System

/s/ Mark A Dombroff
Mark A. Dombroff