UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL et al<br>individually and on behalf of<br>all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br>US AIRWAYS GROUP, INC., and AMERICAN<br>FEDERATION OF LABOR AND<br>CONGRESS OF INDUSTRIAL ORGANIZATION.<br><br>Defendants. | Civil Action No.<br>1:07-cv-00651<br><br>Judge Reggie B. Walton |

PLAINTIFF'S RESPONSE TO JOINT MOTION OF DEFENDANTS AIR LINE PILOTS
ASSOCIATION, INT'L, US AIRWAYS GROUP, INC., AND AMERICAN FEDERATION
OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS FOR
A STAY OF PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION
PENDING RULING ON MOTIONS TO DISMISS

On July 5, 2007, Plaintiff filed a motion asking the Court to conditionally certify a collective and class action; approve the issuance of Plaintiff's proposed notices; order Defendant US Airways to produce to the Plaintiff the names and last known addresses of all current and former US Airways pilots dating back to 1997; and order Defendant Airline Pilots Association, Int'l. (ALPA) to produce to the Plaintiff the names and last known addresses of all commercial pilots in the United States who are or have been subject to the terms and conditions of a collective bargaining agreement with ALPA dating back to 1997.  Defendants' response to this motion was due on or before July 19, 2007.

On July 13, 2007, the Defendants filed a Joint Motion to Stay Plaintiff's Motion for Conditional Class Certification Pending a Ruling on Defendants' Motions to Dismiss. The Defendants asked the Court to stay the Plaintiff's request for class certification until after the Court ruled on the Defendants' motions to dismiss. When the Plaintiff requested class certification on July 5, 2007, only US Airways had filed a responsive pleading. On July 18, 2007, the Defendants filed a second joint motion requesting that the Court order pre-certification discovery to determine whether the Plaintiff was an appropriate class representative, whether the class and subclass sought were proper, and whether class counsel was qualified.

COMES NOW the Plaintiff, Gene H. Carswell, by counsel, and opposes the Defendants' joint motion on the grounds as set forth herein.

ARGUMENT

This action was filed on April 6, 2007, seeking damages for violations under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 626 et seq. The complaint was amended to include allegations under the Railway Labor Act, 45 U.S.C. §§ 151 et seq.

In what amounts to an attempt by the Defendants to enjoin the Plaintiff's right to an action at law, on July 13, 2007, a full three months after the Plaintiff filed this action, Defendants US Airways, ALPA and the American Federation of Labor and Congress of International Organizations (AFL-CIO) filed a joint motion seeking to stay conditional class certification. The essential basis for the Defendants' motion is the argument that the Plaintiff's allegations are based on "extremely tenuous notions." The Defendants' Motion for Stay and its subsequent Request for Pre-certification Discovery should be denied because the motions are merely procedural ruses to delay the Plaintiff's case. The Defendants' motions are together designed to permit the Defendants to have the Plaintiff's case decided on the Defendants pleadings. Neither a stay nor an extension of time for the Defendants to engage in discovery

2

is warranted.

Plaintiff's Railway Labor Act allegations fall under the purview of Federal Rule of Civil Procedure 23. Rule 23(c)(1)(A) requires that a court must "determine by order whether to certify the action as a class action" at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). It is within the trial court's discretion to schedule discovery and decide whether and how much discovery is warranted to determine any certification questions. Some of the factors a court should consider when determining the scope of pre-certification discovery include the importance, benefit, burden, expense, and time needed to produce the proposed discovery.

In this case, the issues related to class certification are already within the knowledge of the Defendants. The Defendants possess complete information concerning its employees, union members, collective bargaining agreements, and waiver requests. As Rule 23 makes clear, the order granting class status may be conditional. Should discovery determine that the proposed class representative and proposed counsel do not meet the rule requirements, relief can be sought at any time during the pendency of the suit.

The motions should be denied under Rule 23 because the Defendants failed to delineate for this Court the specific areas in which they purportedly are lacking the information to respond to the class certification motion. They have failed to define the parameters of the discovery requested, other than to question the merits of the Plaintiff's case and summarily state that class counsel may not be qualified to represent the class. Under Rule 23, the Defendants failed to meet their burden of demonstrating sufficient grounds warranting a grant of pre-certification discovery.

Plaintiff's ADEA allegations follow the procedures of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. 216(b), not Rule 23 of the Federal Rules of Civil Procedure. Class actions under the FLSA are governed by Section 216(b), 29 U.S.C. 216(b):

> An action to recover the liability ... may be maintained in any Federal or
> State court of competent jurisdiction by any one or more employees for and

3

> in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

While the ADEA is a hybrid of Title VII and the FLSA, its class action procedures derive from the incorporation of provisions from the FLSA. Section 7(b) of the ADEA, 29 U.S.C. 626(b) provides:

> The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 215 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

Based on the text of the statute, the majority of courts recognize only two requirements for maintaining an ADEA class action.[1] First, that the plaintiffs are "similarly situated." Second, that each individual file a written consent with the court to become a plaintiff. In an ADEA class action, conditional certification is not necessary or required. While courts will consider whether the named plaintiff in an ADEA class action is representative of those similarly situated to him in the ADEA class action, the standard is not the same or as strict as the Rule 23 requirement that the named plaintiff demonstrate that they adequately represent the class. See Church v. Consolidated Freightways, Inc., 137 F.R.D. 294, 306 (N.D. Cal. 1991). Some courts have authorized notice based solely on the allegation in the complaint. See Allen v. Marshal Field & Co., 93 F.R.D. 438, 442-45 (N.D. Ill. 1982). Other courts impose a modest burden on plaintiffs to produce some facts supporting the allegation. See Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 406 (D.N.J.), aff'd, 862 F.2d 439 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989).

The Sperling approach to demonstrating the similarly situated requirement for class notice has

---

[1] Moreover, while Rule 23 mandates court certification for the case to proceed as a class action, neither the ADEA nor the FLSA prescribe a formal procedure for court authorization or monitoring of a collective or representative action. In the absence of statutory guidance, courts have imposed a form of "conditional certification" in determining whether it is appropriate to authorize the sending of a notice to potential class members. The main inquiry at this stage is whether the determination of whether the class members are "similarly situated."

4

been adopted by most courts.  It is a fairly lenient standard, because of the minimal evidence available at the early stage of the litigation and the fact that plaintiffs only seek permission to send a notice to class members.  See Mooney v. Aramco services Co., 54 F.3d 1207 (5th Cir. 1995).  At the notice stage, nothing more is needed than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."  Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. at 407.  Accord Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 n.8 (5th Cir. 1995); Krueger v. New York Telephone Co.,1993 WL 276058, *2 (S.D.N.Y. 1993).

      Here, the Plaintiff should be permitted to send a notice to the prospective class because the alleged discrimination at US Airways was institutional and company-wide.  There is substantial evidence that the class members were victims of a single decision, policy or plan infected by discrimination.  See Krueger v. New York Telephone Co., 163 F.R.D. 433, (S.D.N.Y.1995)(collective action authorized where plaintiffs demonstrated that new hire and recent promotee exclusions from RIF were discriminatory elements of a company-wide plan).  Centralized decision making or direction from the top of the organization supports allegations that the discriminatory treatment was systemic.  Hyman v. First Union Corp., 982 F. Supp. 1, 3 (D.D.C. 1997).

      Ultimately, the Defendants' motions should be denied because the Defendants failed to show that the Plaintiff's allegations are "extremely tenuous," as alleged in th Motion to Stay.  A review of the Plaintiff's amended complaint and his Motion for Class Certification show that he alleged numerous non-frivolous allegations under the ADEA and the Railway Labor Act.  That said, the Defendants' focus on the Plaintiff's allegations is nothing more than a request that this Court decide the merits of the Plaintiff's case, which is not appropriate at this stage.  It is well established that the Plaintiff need not prove his case at this stage in the litigation.  See Curtin v. United Airlines, Inc., 275 F.3d 88, 92 (D.C.Cir. Dec.28, 2001) (prohibiting a preliminary inquiry into the merits at the class certification stage).

CONCLUSION

WHEREFORE, for the aforementioned reasons, Plaintiff prays that this Court deny the Defendants' Motion for Stay and Request for Pre-certification Discovery.

DATED: August 1, 2007

                                              Respectfully Submitted,

                                              */s/ Rosemary Dettling*
                                              Rosemary Dettling, Esq. (DC Bar 441483)
                                              3120 Brandywine Street, NW
                                              Washington, DC 20008
                                              (202) 362-1888 Telephone
                                              (888) 241- 6719 Facsimile

                                              Counsel for Plaintiff,
                                               Gene H. Carswell

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2007, the foregoing Plaintiff's PLAINTIFF'S RESPONSE TO JOINT MOTION OF DEFENDANTS AIR LINE PILOTS ASSOCIATION, INT'L, US AIRWAYS GROUP, INC., AND AMERICAN FEDERATION OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS FOR A STAY OF PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION PENDING RULING ON MOTIONS TO DISMISS sent to the below addresses by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
By electronic document filing (ECF) system

David M. Semanchik, Esquire
Air Line Pilots Association, International
1625 Massachusetts Avenue, NW
Washington, DC 20036
By ECF

Leon Dayan, Esquire
BREDHOFF & KAISER, PLLC
805 Fifteenth Street, NW
Washington, DC 20005-2207
Counsel for American Federation of Labor and Congress of
  Industrial Organization
815 16th Street, NW
Washington, DC 20006
By ECF

Thomas B. Almy, Esquire
Mark A. Dombroff, Esquire
Mark E. McKinnon, Esquire
DOMBROFF GILMORE JACQUES & FRENCH, PC
1676 International Drive, PC
McLean, Virginia 22102
Counsel for US Airways Group, Inc.
By ECF

Erin Flaherty Lewin, Esquire
Entered Pro Hac Vice
US Airways Group, Inc.
111 W. Rio Salado Parkway
Tempe, Arizona 85281
By ECF

/s/ Rosemary Dettling

Case 1:07-cv-00651-RBW   Document 32   Filed 08/01/2007   Page 8 of 8

8