UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>Defendants. | Case: 1:07-CV-00651(RBW) |

JOINT REPLY OF DEFENDANTS
AIR LINE PILOTS ASSOCIATION, INT'L, US AIRWAYS GROUP, INC., AND AMERICAN
FEDERATION OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS
IN FURTHER SUPPORT OF THEIR MOTION FOR A STAY OF PLAINTIFF'S MOTION
FOR CONDITIONAL CLASS CERTIFICATION PENDING RULINGS ON PENDING
MOTIONS TO DISMISS

Plaintiff Gene H. Carswell's opposition to Defendants' joint motion for a stay largely misses the point.[1]

Defendants filed two responses to Plaintiff's motion for conditional class certification. On July 13, Defendants filed a motion to stay briefing and consideration of the class motion until after the Court has ruled on each Defendant's pending motion to dismiss, and on July 18 Defendants filed an opposition. Both pleadings make the same points: (1) courts regularly postpone consideration of class certification to address dispositive motions where some or all of

---

[1] It also missed the filing deadline. Local Rule 7(b) states that opposition memoranda must be filed within 11 days. Defendants' joint motion was filed and served on July 13. Adding three days for electronic service, the opposition was due July 27. Plaintiff's opposition was filed August 1.

the claims can be dismissed early in the litigation process to "spare[] both the parties and the court a needless, time-consuming inquiry into certification" (Curtin v. United Airlines, Inc., 275 F.3d 88, 92-93 (D.C. Cir. 2001)); and (2) postponing consideration of class certification is especially reasonable here, where discovery may be needed on several issues, including whether Plaintiff is an adequate class representative.

Plaintiff does not appropriately address either point.

1.      When Plaintiff approaches Defendants' first point – that courts regularly postpone consideration of class certification to address dispositive motions – he incorrectly cites Curtin for a proposition exactly the opposite of its holding. Plaintiff states:

> [T]he Defendants' focus on the Plaintiff's allegations is nothing more than a request that this Court decide the merits of the Plaintiff's case, which is not appropriate at this stage. It is well established that the Plaintiff need not prove his case at this stage in the litigation. See Curtin v. United Airlines, Inc., 275 F.3d 88, 92 (D.C. Cir. Dec. 28, 2001) (prohibiting a preliminary inquiry into the merits at the class certification stage).

(Op. Br. at 5.)

Contrary to Plaintiff's argument, the circuit court in Curtin noted the district court did not question the case's merits at the class certification stage, but instead first properly inquired as to whether "the plaintiffs had a viable claim on the merits." Curtin, 275 F.3d at 92. Since the defendant's summary judgment motion was proper, there was no need to proceed to the class certification stage. Id. As such, as Defendants argued in their initial motion (July 13 Joint Motion at ¶7), Curtin stands for the proposition that courts *should* review and dismiss meritless claims early in the litigation to avoid unnecessary costs for the parties, and unnecessary burdens for the Court. Id. at 92-93; Berriochoa Lopez v. U.S., 309 F. Supp. 2d 22, 23 n. 1 (D.D.C.)(Sullivan, J.), aff'd, 2004 WL 2616294 (D.C. Cir. 2004), cert. denied, 544 U.S. 977 (2005); Garcia v. Veneman, 211 F.R.D. 15, 19 n. 2 (D.D.C. 2002)(Robertson, J.), aff'd, 444 F.3d

2

625 (D.C. Cir. 2006) ("A court may certainly decide dispositive motions prior to determining whether the case can be maintained as a class action . . . . Once the court disposes of a claim, the court need not consider the disposed-of claim as a basis for class certification.").

Here, as in Curtin, upon review of the pending dispositive motions, this Court will "readily and correctly perceive fatal flaws in plaintiffs' claims" that will make it unnecessary to address the propriety of class certification. Curtin, 275 F.3d at 92. As a result, until Carswell can show that he is "entitled to the relief sought, there is no occasion for the court to wrestle with the problems presented in considering whether the action may be maintained on behalf of the class." Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974).[2]

2. Plaintiff mischaracterizes the second point – that postponing consideration of class certification is especially appropriate where discovery may be needed – as a request for discovery. (Op. Br. at 3.) But Defendants' point is the opposite: that class discovery could be avoided by deciding the merits first. The Defendants have not sought, and the Court does not need, any fact discovery to dismiss this case on the merits, since the case can be dismissed purely as a matter of law.

---

[2] While "it is often more protective of the interests of defendants" for a court to decide the class issue before the merits "because only a merits decision made after certification will bind all members of the class," the Court dispensed with that concern where "the defendant itself sought an early decision on the merits…." Curtin, supra, at 93. As a result, if a defendant chooses to present a dispositive motion prior to class certification, then certification should be deferred absent compelling circumstances. See Bridges v. Blue Cross and Blue Shield Ass'n, 1995 U.S. Dist. LEXIS 9477, *4 (D.D.C.) (Mem. Op. dated Jan. 24, 1995 by Harris, J.)(internal quotes omitted)(copy attached); see also Curtin, supra.

**Conclusion**

For the foregoing reasons, as well as those stated in the Defendants' opening brief, the Court should grant Defendants' motion for a stay.

Respectfully submitted,

Dated: August 8, 2007                     /s/ David M. Semanchik
Clay Warner (D.C. Bar No. 398346)
David M. Semanchik (D.C. Bar No. 502837)
AIR LINE PILOTS ASSOCIATION
LEGAL DEPARTMENT
1625 Massachusetts Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 797-4095
Facsimile: (202) 797-4014

Counsel for Air Line Pilots Association, Int'l

Thomas B. Almy (D.C. Bar No. 371235)
Mark Dombroff (D.C. Bar No. 23218)
DOMBROFF & GILMORE, P.C.
1676 International Drive - PH
McLean, VA 22102
Telephone:  (703) 336-8723
Facsimile:  (703) 336-8750

Counsel for US Airways Group, Inc.

Leon Dayan (D.C. Bar No. 444144)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005-2207
Telephone:  (202) 842-2600
Facsimile:  (202) 842-1888

Counsel for American Federation of Labor and
    Congress of Industrial Organizations

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2007, copies of the **JOINT REPLY OF DEFENDANTS AIR LINE PILOTS ASSOCIATION, INT'L, US AIRWAYS GROUP, INC., AND AMERICAN FEDERATION OF LABOR AND CONGRESS OF INTERNATIONAL ORGANIZATIONS IN FURTHER SUPPORT OF THEIR MOTION FOR A STAY OF PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION PENDING RULINGS ON PENDING MOTIONS TO DISMISS** were served by the Court's Electronic Document Filing System, with a copy via first-class mail, postage prepaid, upon:

Rosemary Dettling
Federal Employee Legal Services
3120 Brandywine Street, NW
Washington, DC  20008
Email: rdettling@felsc.com

Joanne Dekker Donohue
16848 Hamilton Station Road
Hamilton, VA  20158
Email: esqjdjd@aol.com

*Counsel for Plaintiff Gene H. Carswell*

Thomas B. Almy
Mark Dombroff
DOMBROFF & GILMORE, P.C.
1676 International Drive - PH
McLean, VA 22102
e-mail:  talmy@dglitigators.com

Erin Flaharty Lewin (admitted pro hac vice)
US AIRWAYS GROUP, INC.
111 W. Rio Salado Parkway
Tempe, AZ  85281
e-mail:  erin.lewin@usairways.com

*Counsel for US Airways Group, Inc.*

Leon Dayan
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005-2207
e-mail: ldayan@bredhoff.com

*Counsel for Defendant,*
   *American Federation of Labor and Congress of Industrial Organizations*


_____/s/ David M. Semanchik_____

Source: Legal > States Legal - U.S. > District of Columbia > Find Cases > DC Federal & State Cases, Combined
Terms: motion to dismiss prior to class certification Rule 23  (Edit Search | Suggest Terms for My Search | Feedback on Your Search)

✦Select for FOCUS™ or Delivery

*1995 U.S. Dist. LEXIS 9477, \**

RUSSELL P. BRIDGES, et al., Plaintiffs, v. BLUE CROSS AND BLUE SHIELD ASSOCIATION, Defendant.

Civil Action No. 94-2161 SSH

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

1995 U.S. Dist. LEXIS 9477

January 23, 1995, Decided
January 24, 1995, FILED

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant insurer filed a motion to defer consideration of **class certification,** or to establish procedures for resolving **class certification** issues. Plaintiff insureds filed an opposition to the insurer's motion.

**OVERVIEW:** The insureds commenced this action alleging that the insurer secretly contracted with health care providers to receive substantial discounts on the portion of the providers' charges payable by the insurer. The insureds claimed that they were actually paying a higher percentage in coinsurance than they were supposed to pay. The insureds filed a motion for **class certification.** The insurer filed a motion to defer consideration of **class certification** until resolution of its **motion to dismiss,** or to establish procedures for resolving **class certification** issues. The insureds filed an opposition to the insurer's motion. The court noted that Fed. R. Civ. P. 23 requires **class certification prior** to a determination on the merits. Thus, by proposing that **class certification** take place after resolution of its **motions to dismiss** this action, the insurer assumed the risk that it might be forestalled from contesting any previously resolved issues with respect to members of the putative plaintiff class. Nevertheless, because the insureds did not present any compelling argument against deferring **class certification,** the motion was granted.

**OUTCOME:** The court granted the insurer's motion to defer consideration of **class certification** until resolution of its **motion to dismiss** because the insurer expressly assumed the risk that a determination of liability **prior** to **class certification** would be given effect in favor of the class.

**CORE TERMS:** class certification, defer, class action, notice, class members, federal employees, provider, discount, practicable, certification, dispositive, deferral, join, benefit plan, coinsurance, secretly, class action suit, summary judgment, expressly assumed, expressly waive, adverse judgment, health care providers, negotiated, regional, enrolled, breached

**LEXISNEXIS® HEADNOTES**                                                                 Hide

Civil Procedure > Class Actions > Certification
Civil Procedure > Summary Judgment > Hearings > General Overview
Criminal Law & Procedure > Preliminary Proceedings > Preliminary Hearings > General Overview

HN1 Fed. R. Civ. P. 23 governs the creation and maintenance of a class action suit. Although a court may not conduct a preliminary hearing on the merits of an action **prior** to (or as part of) a class determination under **Rule** 23, in some circumstances, a court may use an accelerated summary judgment procedure **prior** to **class certification** to test plaintiffs' right to proceed to trial. The special circumstances which allow a court to defer **class certification** arise when a defendant against a potential class action has expressly assumed the risk that a determination of liability **prior** to **class certification** will be given effect in favor of the class. More Like This Headnote

Civil Procedure > Class Actions > Certification
Civil Procedure > Class Actions > Judicial Discretion

HN2 If a class action defendant is willing to run the risk presented by deferral of **class certification,** the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course. More Like This Headnote

Civil Procedure > Class Actions > Certification
Civil Procedure > Class Actions > Prerequisites > General Overview

HN3 Fed. R. Civ. P. 23 requires **class certification prior** to a determination on the merits. Fed. R. Civ. P. 23(c)(1) provides that as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. More Like This Headnote

Civil Procedure > Class Actions > Certification
Civil Procedure > Class Actions > Judicial Discretion
Civil Procedure > Class Actions > Prerequisites > General Overview

HN4 The provision of Fed. R. Civ. P. 23 which requires **class certification** "as soon as practicable" is not an inflexible requirement, but a proposition that must be considered with an eye toward the particular facts of each action. More Like This Headnote

**COUNSEL:** [*1] Attorney(s) for Plaintiff(s): Gary E. Mason, Cohen, Milstein, Hausfeld & Toll, 1100 New York Avenue, N.W., Washington, DC 20003-3934.

Attorney(s) for Defendant(s): Gerald Goldman, Terry Bancroft Dowd, Miller & Chevalier, 655 - 15th Street, N.W., Ste. 900, Washington, DC 20005.

**JUDGES:** Stanley S. Harris, United States District Judge

**OPINION BY:** Stanley S. Harris

OPINION

*MEMORANDUM ORDER*

Before the Court is defendant's motion to defer consideration of **class certification**, or to

establish procedures for resolving **class certification** issues. Plaintiffs have filed an opposition to defendant's motion. Upon consideration of the entire record, defendant's motion to defer consideration of **class certification** is granted.

Plaintiff Bridges filed suit against Blue Cross and Blue Shield Association (BCBSA) on October 6, 1994. The current plaintiffs, present or former federal employees participating in the Blue Cross and Blue Shield Service Benefit Plan, filed an amended complaint against BCBSA on November 7, 1994. Plaintiffs allege that BCBSA, through sixty-seven of its regional licensees, secretly contracted with health care providers to receive substantial discounts on the portion of the providers' [*2] charges payable by BCBSA. [1] Plaintiffs' Amended Complaint at 2, 24-27. Plaintiffs allege that since these secretly negotiated discounts applied only to BCBSA's portion of the providers' charges, individuals insured by BCBSA as part of its federal employee health benefit plan are actually paying a higher percentage in coinsurance than they are supposed to pay. Plaintiffs' Amended Complaint at 28-33. [2] Plaintiffs also allege that Blue Cross and Blue Shield, through its regional entities, routinely issues "Explanation of Benefits" (EOB) forms through the mail to BCBSA plan members that do not accurately reflect the BCBSA's discount. Plaintiffs' Amended Complaint at 27.

FOOTNOTES

[1] Roughly sketched, the individual participant in a BCBSA federal employee health benefit plan is responsible for a coinsurance payment to the health care provider, which usually amounts to 20 percent or 25 percent of a provider's charges; BCBSA is responsible for the remaining 80 or 75 percent.

[2] Plaintiffs illustrate by providing two examples, each of which is a variation on the BCBSA/provider discounts and the resulting effect on an individual participant's coinsurance contribution to the provider charges. See Plaintiffs' Amended Complaint at 28.

[*3] Plaintiffs claim that because of the secretly negotiated discounts, the resultant large-scale shifting of costs between BCBSA and federal employees enrolled in the BCBSA plan, and the routine practice of mailing allegedly fraudulent EOBs to plan members, BCBSA has violated RICO, breached plaintiffs' contracts with BCBSA, and breached its fiduciary duty to the federal employees enrolled in BCBSA's service plan. Plaintiffs' Amended Complaint at 42-50. Plaintiffs request an order certifying plaintiffs as a class, along with various forms of declaratory, injunctive, and monetary relief.

Plaintiffs filed a motion for **class certification** on November 10, 1994. Defendant has filed a motion to defer **class certification** until resolution of defendant's **motions to dismiss** this action and/or to refer portions of this action to the Office of Personnel Management (OPM). (Defendant has not yet filed any **motions to dismiss** or to refer this case to the OPM; defendant's motion to join the OPM as a party defendant is currently pending.) Plaintiffs oppose defendant's motion to defer **class certification** until resolution of defendant's **motions to dismiss** or refer.

HN1 **Rule** 23 of the Federal **Rules** of Civil [*4] Procedure governs the creation and maintenance of a class action suit. Although a court may not conduct a preliminary hearing on the merits of an action **prior** to (or as part of) a class determination under **Rule** 23, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974), in some circumstances, "a court may use an accelerated summary judgment procedure **prior** to **class certification**" to test plaintiffs' right to proceed to trial. 7B C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1785, at 127 (1986 & Supp. 1994).

The special circumstances which allow a court to defer **class certification** arise when a defendant against a potential class action has expressly assumed the risk that a "determination of liability [**prior** to **class certification**] . . . will be given effect in favor of the class . . . ." Katz v. Carte Blanche Corporation, 496 F.2d 747, 762 (3d Cir. 1974) (en banc), cert denied, 419 U.S. 885, 95 S. Ct. 152, 42 L. Ed. 2d 125 (1975). In Postow v. OBA Federal Savings and Loan Association, 201 U.S. App. D.C. 384, 627 F.2d 1370 (D.C. Cir. 1980), the Court of Appeals for this Circuit stated:

> The strongest argument **[*5]** for [disallowing] post-judgment **class certification** is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on **class certification**.

627 F.2d at 1382 (citing Haas v. Pittsburgh National Bank, 381 F. Supp. 801 (W.D.Pa. 1974)). The Postow court also noted that HN2 if a class action defendant "is willing to run the risk" presented by deferral of **class certification**, "the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course." 627 F.2d at 1382 n. 25 (citing Katz, 496 F.2d at 762). ³

### FOOTNOTES

3 At the risk of getting lost in the technicalities of class action suits: Postow and Katz both deal with the issue of **class certification** under **Rule** 23(b)(3), which requires individualized notice (if possible) to potential class members and gives those class members an opportunity to opt out of the class. See **Rule** 23(c)(2) (requiring notice to class members in a 23(b)(3) class action). The 23(c)(2) notice requirement was designed to protect defendants in a 23(b)(3) class action from what courts have termed "one-way" intervention, that is, allowing members of a **Rule** 23(b)(3) plaintiff class the opportunity to join an action after a favorable judgment has been rendered, while avoiding the res judicata effect of an adverse judgment on the merits. See Postow, 627 F.2d at 1381. Where a defendant in a **Rule** 23(b)(3) action chooses to forego this protection from "one-way" intervention, those considerations clearly do not apply and **class certification** can be deferred pending resolution of some or all of the merits of the case.

A class certified under **Rule** 23(b)(1) or 23(b)(2) does not receive the statutory notice required under **Rule** 23(c)(2), and class members are not given the option of withdrawing from the class. Therefore, the problem of "one-way" intervention is not raised with respect to 23(b)(1) and 23(b)(2) **class certification**. However, if it is assumed that the plaintiff class in this action would be certified under **Rule** 23(b)(1) or 23(b)(2), and not 23(b)(3), as in Katz and Postow, the outcome of defendant's motion to defer consideration of **class certification** would be the same. See Larionoff v. United States, 175 U.S. App. D.C. 32, 533 F.2d 1167, 1182-83 (D.C. Cir. 1976) (**class certification** under **Rule** 23(b)(1) upon entry of final judgment not reversible error).

**[*6]** By proposing that **class certification** take place after resolution of defendant's **motions to dismiss** this action or refer it to the OPM, defendant has expressly assumed the risk that it may be forestalled from contesting any previously resolved issues with respect to members of the putative plaintiff class. Absent any compelling arguments to the contrary, defendant's motion to defer the question of **class certification** until after resolution of its **motions to dismiss** or refer should be granted.

Plaintiffs have presented no compelling arguments to the contrary. Plaintiffs state only that "courts may issue an order determining **class certification prior** to resolution of **motions**

to dismiss or other motions," citing *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir. 1975), and that "courts may **rule** on motions for **class certification** and dispositive motions at the same time," citing the district court's opinion in *Postow*, 390 F. Supp. 1130, 1141 (D.D.C. 1975). Plaintiffs do not address (and do not attempt to distinguish) the opinion of the D.C. Circuit in Postow.

In *Peritz,* the primary case cited by plaintiffs, the Third Circuit Court of Appeals held that [HN3] "**Rule** 23 [*7] *requires* **class certification prior** to a determination on the merits." 523 F.2d 349, 353 (emphasis in original). The *Peritz* court relied on the language of **Rule** 23(c)(1), which provides that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The court in *Peritz* also relied heavily on the Supreme Court's opinion in *Eisen v. Carlisle & Jacquelin* for this proposition, noting that "the Supreme Court's concern in *Eisen* . . . with the problem of one-way intervention" dictated the result the *Peritz* court reached with regard to **class certification** after judgment on the merits. 523 F.2d at 353.

*Peritz* misses the mark in this case for several reasons. First, the Court of Appeals for this Circuit expressly considered and rejected *Peritz* in its opinion in *Postow.* 627 F.2d at 1381. Second, a footnote in the *Peritz* opinion undermines its holding and supports defendant's argument:

> We need not decide whether in all cases **Rule** 23(c) would bar certification subsequent to a decision on the merits. We do note that the Third Circuit has held that a defendant [*8] may expressly waive the one-way intervention protection of **Rule** 23(c) and thereby postpone determination and notice until after resolution of the merits . . . .

523 F.2d at 354 (citing *Katz*). Nothing precludes the Seventh Circuit from holding that where (as here) defendant has waived the protections of **Rule** 23(c), a court may defer of **class certification** pending resolution of dispositive motions. [4]

FOOTNOTES

4 It follows, of course, that where the defendant expressly waives the protections of **Rule** 23(c), the problem of "one-way" intervention raised by the Supreme Court in *Eisen* and echoed in *Peritz* is obviated.

Finally, [HN4] the provision of **Rule** 23 which requires **class certification** "as soon as practicable" is not an inflexible requirement, but a proposition that must be considered with an eye toward the particular facts of each action. *See* 7B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1785, at 96 (1986) ("the time at which the court finds it 'practicable' to make a class [*9] action determination may vary with the circumstances of the particular case"). This court would not run afoul of **Rule** 23(c)(1) if it were to defer consideration of **class certification** until after resolution of defendant's dispositive motions. *See Jimenez v. Weinberger,* 523 F.2d 689 (7th Cir), *cert. denied,* 427 U.S. 912, 96 S. Ct. 3200, 49 L. Ed. 2d 1204 (1975) (**Rule** 23 allows the trial court to exercise its discretion in deciding upon the earliest practicable time to determine whether the case is to be processed as a class action).

Plaintiffs have failed to articulate any further argument against deferral of **class certification**, and they likewise have failed to rebut defendant's arguments for deferral of **class certification**. Because defendant has assumed the risk that an adverse judgment on its **motions to dismiss** or refer the action to the OPM may bind it with respect to potential

class members certified after that point, and because plaintiffs have not made any compelling argument against deferring **class certification**, it hereby is

ORDERED, that defendant's motion to defer **class certification** is granted. The Court will refrain from issuing a scheduling order until after **[\*10]** it **rules** on defendant's motion to join the OPM as a party defendant.

SO ORDERED.

Stanley S. Harris

United States District Judge

Date: JAN 23 1995

Source:  Legal > States Legal - U.S. > District of Columbia > Find Cases > DC Federal & State Cases, Combined
Terms:  **motion to dismiss prior to class certification Rule 23**  (Edit Search | Suggest Terms for My Search | Feedback on Your Search)
View:  Full
Date/Time:  Monday, August 6, 2007 - 5:38 PM EDT

\* Signal Legend:
● -  Warning: Negative treatment is indicated
Q -  Questioned: Validity questioned by citing refs
⚠ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
A -  Citing Refs. With Analysis Available
i -  Citation information available
\* Click on any *Shepard's* signal to *Shepardize*® that case.

  About LexisNexis  |  Terms & Conditions
Copyright ©  2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.