UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GENE CARSWELL,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AIR LINE PILOTS ASSOCIATION,  )<br>INTERNATIONAL, <u>et al.</u>,  )<br>)<br>Defendants.  )<br>) | | Civil Action No. 07-651 (RBW) |

**ORDER**

Currently before the Court is the defendants' motion to stay the plaintiff's motion for class certification until the Court has ruled on the defendants' three pending motions to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b).[1] Because a resolution of the three pending dispositive motions could conceivably result in the dismissal of the plaintiff's claims against one or more of the defendants in this action, it is evident that postponement of the plaintiff's motion for class certification until after these dispositive motions have been resolved will potentially "spare[] both the parties and the [C]ourt a needless, time-consuming inquiry into

---

[1] The defendant's motion to stay the plaintiff's motion for class certification was filed on July 13, 2007, and the plaintiff was notified electronically of the motion on that same date. The plaintiff, if he opposed the defendants' motion, was required by Local Civil Rule 7(b) to file a memorandum of points and authorities in opposition within eleven days of service. LCvR 7(b). The Local Civil Rules further provide that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." <u>Id.</u> The plaintiff's opposition to the defendant's motion was not filed until August 1, 2007, which is outside of the time prescribed by the Local Civil Rules. <u>See</u> Docket Entry No. 32. Although the Court will consider the defendants' motion to stay on its merits, the plaintiff is strongly advised to comply fully with the Local Civil Rules in the future.

certification."[2]  Curtin v. United Airlines, Inc., 275 F.3d 88, 92-93 (D.C. Cir. 2001) (citation omitted).  There is surely "no occasion for the [C]ourt to wrestle with the problems presented by [class certification]" if it transpires that the named plaintiff cannot demonstrate that he has stated a justiciable legal claim upon which relief can be granted or if the Court cannot exercise jurisdiction over the plaintiff's claims.  Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974).  Accordingly, it is hereby

**ORDERED** that the defendants' motion to stay the plaintiff's motion for class certification is GRANTED.  It is further

**ORDERED** that the plaintiff's motion for class certification is DENIED without prejudice.[3]  The plaintiff may move to reinstate his motion for class certification, as appropriate, once the defendants' pending motions to dismiss have been resolved.

**SO ORDERED** this 10th day of August, 2007.

REGGIE B. WALTON
United States District Judge

---

[2]  This is particularly true where, as here, an evaluation of the issues raised by the plaintiff's motion for class certification may require the parties to undertake limited factual discovery, some or all of which could well prove unnecessary depending upon the resolution of the defendants' motions to dismiss.  See Motion at 3-4 (detailing the possible need for discovery and arguing that "it would not constitute efficient case management to have discovery being conducted on class issues while substantial dispositive motions apt to lead to the dismissal of all or large portions of the case are pending").

[3]  Of course, the Court's conclusion that the plaintiff's motion for class certification should be stayed pending resolution of the defendants' motions to dismiss should not be taken to reflect any assessment by the Court as to the merits of the plaintiff's underlying legal claims.  In order for the interests of judicial economy and efficiency to dictate that the defendants' Rule 12(b) motions be resolved before the plaintiff's motion for class certification, it is enough that the likelihood that the defendants' dispositive motions will be granted in whole or in part be greater than zero, which it clearly is here.