UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>**Defendants.** | Case: 1:07-CV-00651(RBW) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)
OF DEFENDANT AIR LINE PILOTS ASSOCIATION, INT'L**

**PRELIMINARY STATEMENT**

The Amended Complaint contains three claims against the Air Line Pilots Association, Int'l (ALPA): (i) a claim that ALPA violated the Age Discrimination in Employment Act (ADEA); (ii) a claim that ALPA violated the duty of fair representation; and (iii) a claim that ALPA violated its collective bargaining agreement with US Airways – in each case by following, or permitting US Airways to follow, the Federal Aviation Administration (FAA)'s mandatory pilot retirement regulation, 14 C.F.R. §121.383(c) ("the Age 60 Rule"). We addressed each of those claims in a separate section; demonstrating (with reference to the

specific legal standard for each claim) that a union cannot be liable for honoring a valid federal regulation that courts have upheld for decades.

Carswell's opposition memorandum appears to abandon most (and perhaps all) of those claims. For example, the opposition memorandum does not mention the ADEA claim at all; therefore, as we note briefly in Point I, the only reasonable conclusion is that the claim has effectively (and quite properly) been abandoned.

The duty of fair representation claim is in a similar posture. In our opening brief we noted that the duty of fair representation could be based on four different ALPA actions. We addressed each of those actions separately and showed that – even if Carswell's allegations were true – the Amended Complaint would not state a claim under the duty of fair representation. Again, as we show in Point II, the opposition memorandum does not contest any of the points from our opening brief with respect to the duty of fair representation; instead, it merely offers arguments with respect to a subsidiary point involving First Amendment immunity with respect to "lobbying" activity.

And the same is true for the claim that ALPA breached its collective bargaining agreement by following the Age 60 Rule. As we note in Point III, the opposition memorandum offers no explanation how following a valid federal regulation could breach a collective bargaining agreement; instead, it argues only that such claims are not subject to mandatory arbitration.

## ARGUMENT

### POINT I.

### NO LIABILITY CAN RESULT FROM HONORING THE AGE 60 RULE.

In the first four counts of the Amended Complaint, Carswell claims that ALPA violated the ADEA by permitting US Airways to honor the Age 60 Rule. Am. Compl. ¶¶78-94. In our opening memorandum, we showed that the ADEA claims had no merit whatsoever: courts, including the Court of Appeals for this Circuit, have repeatedly held that the Age 60 Rule is valid, and does not violate the ADEA. See, e.g., Professional Pilots Federation v. Federal Aviation Administration, 118 F.3d 758, 763 (D.C. Cir. 1997); Coupé v. Federal Express Corp., 121 F.3d 1022 (6th Cir. 1997).

Carswell has not responded to those arguments; indeed, his opposition memorandum does not even mention his ADEA claims. Accordingly, the only available conclusion is that those claims have been abandoned.

### POINT II.

### ALPA DID NOT VIOLATE THE DUTY OF FAIR REPRESENTATION.

In our opening memorandum, we offered a generous reading of the Amended Complaint, and identified four possible grounds for Carswell's duty of fair representation claim. We then addressed each of those grounds separately, and showed that – even if all of the allegations of the Amended Complaint were true – it did not state a claim for breach of the duty of fair representation. ALPA Br., Document 27, at 5.

An equally generous reading of the opposition memorandum indicates that Carswell has abandoned, or never sought to pursue, three of the four grounds we identified. Aside from a few early paragraphs discussing the duty of fair representation generally (Opp. Br., Document 40, at

2-3), the opposition brief only mentions the duty of fair representation in the context of ALPA's alleged lobbying efforts in support of the Age 60 Rule.

But even though it appears that Carswell intends to pursue his duty of fair representation claim with respect to ALPA's lobbying activities, he does not address ALPA's primary response to that argument: that the duty of fair representation does not apply to lobbying. As we noted in our opening brief, a union's duty of fair representation arises because it has the exclusive right to represent employees in a bargaining unit with respect to collective bargaining over terms and conditions of employment. Steele v. Louisville & Nashville R. Co., 323 U.S. 192, 198-201, 65 S. Ct. 226, 230-31 (1944). But a union is not acting within this "exclusive" realm – and therefore is not covered by the duty of fair representation – when it takes a position with respect to a government regulation.

Instead, Carswell only takes issue with a secondary point: that the First Amendment[1] -- through the "Noerr-Pennington doctrine"[2] -- confers immunity from suits alleging statutory violations where the conduct constituting the alleged violation involves an effort by the defendant to petition the government. California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S. Ct. 609, 611-12 (1972); Bayou Fleet, Inc. v. Alexander, 234 F.3d 852, 859 (5th Cir. 2000). Capt. Carswell concedes, as he must, that Noerr-Pennington immunity protects proper and legitimate actions to influence government agencies. Opp. Br., Document 40, at 4. But he appears to claim that Noerr-Pennington immunity is defeated because (he alleges) that ALPA's lobbying was contrary to his interests. Id., at 7. The cases he cites offer no support for that claim.

---

[1] U.S. Const., amend. I.

[2] See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S. Ct. 523 (1961) and United Mine Workers v. Pennington, 381 U.S. 657, 85 S. Ct. 1585 (1965).

4

In Westborough Mall, Inc. v. City of Cape Girardeau, Mo., a shopping mall developer in a "one-mall town" secretly negotiated with city zoning officials to change and re-change the zoning for his proposed mall site to hide his progress, while at the same time those city officials revoked the zoning status of the competitor's site, where work was underway, to slow it down. 693 F.2d 733, 737-740 (8th Cir. 1982), reh'g denied, 804 F.2d 108 (8th Cir. 1986), aff'd, 953 F.2d 345 (1991). The court noted that actions "beyond 'traditional political activity' may not be protected" by the doctrine. Id. (internal citation omitted). The court then explained why these facts did not constitute "traditional political activity":

> Because the plaintiffs have presented facts that support an inference of unlawful conduct — city officials may have been induced by the May-Drury defendants by means other than legitimate lobbying to illegally revert plaintiffs' C-4 zoning — the Noerr doctrine may not be relied upon to support the district court's grant of summary judgment.

Id., citation omitted. Carswell has not alleged any similar illegal conduct; instead, he asserts only that ALPA's public positions were allegedly at odds with the interests of those like him. Opp. Br., Document 40, at 7.

Allied Tube & Conduit Corp. v. Indian Head, Inc., 486 U.S. 492, 108 S. Ct. 1931 (1988), also provides no support. Opp. Br., Document 40, at 5-6. There, as Capt. Carswell notes, the Supreme Court "caution[ed] that [its] decision [in the case] depends on the context and nature of the activity." 486 U.S. at 507, 108 S. Ct. at 1940. That distinction is critical, because in Allied Tube, *no one petitioned the government for anything*: the entity being "lobbied" was a private association of like businesses. 486 U.S. at 498-507, 108 S. Ct. at 1936-41.

## POINT III.

### PLAINTIFF'S BREACH OF CONTRACT CLAIM HAS NO MERIT AND IS SUBJECT TO MANDATORY ARBITRATION.

In our opening brief, we noted that Counts V and VII – which claim that ALPA "breached the Collective Bargaining Agreement" by permitting US Airways to follow the Age 60 Rule (Am. Compl. ¶¶99, 113) – are transparently without merit, because it is hard to imagine how following a valid federal regulation could violate the agreement. ALPA Br., Document 27, at 12. Once again, Carswell does not shed any light on that issue.

Instead, he again focuses on the subsidiary point: under the Railway Labor Act, arbitration as the "*mandatory, exclusive, and comprehensive* system" for resolving all disputes involving the application or interpretation of a collective bargaining agreement. See, e.g., Bhd. of Locomotive Eng'rs v. Louisville & N.R.R., 373 U.S. 33, 38, 83 S. Ct. 1059, 1062 (1963). "If a dispute is mandatorily arbitrable under the Railway Labor Act, [courts] lack[] jurisdiction to consider it," Everett v. US Air Group, Inc., 927 F. Supp. 478, 482 (D.D.C. 1996), aff'd, 194 F.3d 173 (D.C. Cir. 1999).

Carswell's opposition memorandum demonstrates confusion about the terms "major" and "minor," as applied to RLA disputes. Any dispute "relating to the meaning or application of a particular provision of a collective bargaining agreement" is minor (and subject to mandatory arbitration), Air Line Pilots Ass'n v. Shuttle, Inc., 55 F. Supp. 2d 47, 51 (D.D.C. 1999) – *notwithstanding its relative importance*. See Bhd. Ry. Carmen Div. v. Green Bay and Western R.R. Co., 801 F. Supp. 231 (E.D. Wis. 1992) ("'Minor' does not necessarily mean 'less important' or 'less costly,' as it might be conventionally interpreted." (internal citations omitted)). By the same token, a "major" dispute (which is subject to federal court jurisdiction) is not necessarily more important; it is simply a dispute that involves a change to the collective

6

bargaining agreement pursuant to the complex procedures established by the RLA for implementing such changes.  <u>Shuttle, Inc.</u>, 55 F. Supp. 2d at 51-52.  But most importantly for the purposes of this case, a "minor dispute" does not become a "major" one because it "goes to the very heart of the contract between the parties."  Opp. Br., Document 40, at 11.  In fact, the opposite is true:  a claim addresses the "heart of the contract" is most assuredly "minor," because it directly involves an interpretation or application of the collective bargaining agreement.

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in its opening brief, Defendant Air Line Pilots Association, International, moves pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's action.

                                              Respectfully submitted,

                                              /s/ David M. Semanchik
                                      Clay Warner (D.C. Bar No. 398346)
                                      David M. Semanchik (D.C. Bar No. 502837)
                                      AIR LINE PILOTS ASSOCIATION, INT'L
                                      LEGAL DEPARTMENT
                                      1625 Massachusetts Avenue, N.W.
                                      Washington, D.C.  20036
                                      Telephone:  (202) 797-4095
                                      Facsimile: (202) 797-4014
                                      e-mail: Clay.Warner@alpa.org
                                      e-mail: David.Semanchik@alpa.org

Dated: September 10, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2007, a copy of the **REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OF DEFENDANT AIR LINE PILOTS ASSOCIATION, INT'L** was served by the Court's Electronic Document Filing System, with a copy via first-class mail, postage prepaid, upon:

Rosemary Dettling
Federal Employee Legal Services
3120 Brandywine Street, NW
Washington, DC 20008
Email: rdettling@felsc.com

Joanne Dekker Donohue
16848 Hamilton Station Road
Hamilton, VA 20158
Email: esqjdjd@aol.com

*Counsel for Plaintiff Gene H. Carswell*

Thomas B. Almy
Mark Dombroff
DOMBROFF & GILMORE, P.C.
1676 International Drive - PH
McLean, VA 22102
e-mail: talmy@dglitigators.com

Erin Flaharty Lewin (admitted pro hac vice)
US AIRWAYS GROUP, INC.
111 W. Rio Salado Parkway
Tempe, AZ 85281
e-mail: erin.lewin@usairways.com

*Counsel for US Airways Group, Inc.*

Leon Dayan
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005-2207
e-mail: ldayan@bredhoff.com

*Counsel for Defendant,*
  *American Federation of Labor and Congress of Industrial Organizations*

　　　　　　　　　　　　　　　　　　　　　　　/s/ David M. Semanchik