## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENE H. CARSWELL, individually and on behalf of all others similarly situated,

       Plaintiff,

       v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,

       Defendants.

Case No. 1:07-CV-00651 (RBW)

## DEFENDANT AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Defendant American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") respectfully submits this Reply Memorandum in support of its Motions for Sanctions Pursuant to Fed. R. Civ. P. 11.  The AFL-CIO seeks sanctions against Plaintiff Gene H. Carswell ("Carswell") and his counsel for having filed an original complaint and an amended complaint asserting that the AFL-CIO should be held liable under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 et seq., and the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq., because one of its member unions—the Air Line Pilots Association, International ("ALPA")—has lobbied in favor of the Federal Aviation Administration ("FAA")'s Age-60 Rule.

As the analysis in the AFL-CIO's Reply Memorandum In Support of its Motion to Dismiss (hereinafter "Motion to Dismiss Reply")[1] demonstrates, Carswell has wholly failed to set forth any coherent legal or factual theory which could explain either 1) how the AFL-CIO can be held liable for the alleged conduct of ALPA, or 2) how any of the alleged lobbying activity by ALPA regarding the FAA's Age-60 Rule is actionable under the ADEA or the RLA.

His failure in this regard is inexcusable: this is not a case in which the plaintiff has presented a novel, yet reasonable and legally articulable theory that merely fails to carry the day. Instead, Carswell has persisted in arguing to the Court that the AFL-CIO should be held liable to him under the RLA and ADEA for alleged political activity by ALPA without citing, in any of his responsive memoranda, a single case or authority in which any union or similar entity has been found liable under any anti-discrimination law for advocating a particular position before a federal agency.  Nor has he cited a single case or authority in which an international union with respect to one of its local unions, let alone a federation of autonomous unions (or, for that matter, the AFL-CIO itself, which, since 1955, has been prominently affiliated with most international unions in this country), has been found vicariously liable on the basis that —as Carswell suggests in his Memorandum in Opposition to the Motions for Sanctions Filed by the AFL-CIO (hereinafter Motions For Sanctions Response)— the two unions have "proclaimed and demonstrated their interaction and solidarity" and "held themselves out as working together on behalf" of a particular issue.  Motions for Sanctions Response, p. 4.  In this regard, Carswell has chosen to advocate a legal position which has been specifically rejected by the D.C. Circuit.  See International Longshoremen's Ass'n v. NLRB, 56 F.3d 205, 249  (D.C. Cir. 1995); see also Motion to Dismiss Reply, pp. 4-5.

---

[1] The AFL-CIO's Motion to Dismiss Reply was filed with the Court today, September 25, 2007.

Moreover, the AFL-CIO supplemented its first Motion for Sanctions with publicly available evidence showing that the AFL-CIO has no authority or power to direct the activities of ALPA—a showing which, as Carswell concedes, is a necessary element of his claims against the AFL-CIO.  <u>See</u> Memorandum in Support of the AFL-CIO's Motions for Sanctions Pursuant to Rule 11, Ex. 2 (Excerpt from AFL-CIO Constitution); Plaintiff's Memorandum in Opposition to the Motion to Dismiss Filed by the AFL-CIO (hereinafter "Motion to Dismiss Response") at p. 9-10, 13.

Carswell has not disputed this evidence.  Instead, he has supplemented both his Motion to Dismiss Response and Motions for Sanctions Response with factual material that wholly fails to support, even circumstantially, the conclusion that  the AFL-CIO has an agency relationship with ALPA.  <u>See</u> Motion to Dismiss Reply, pp. 6-8.  Instead, these materials demonstrate, as Carswell himself acknowledges, <u>see</u> Motions for Sanctions Response, p. 4, that the AFL-CIO and ALPA have the very type of solidarity relationship which the D.C. Circuit has held does not provide a basis for intra-union liability.  Moreover, Carswell has failed to identify even a single piece of evidence showing that the AFL-CIO and ALPA participated in <u>any</u> joint political activities regarding the Age-60 Rule.  <u>See</u> Motion to Dismiss Reply, pp. 8-9.

Carswell's conduct in bringing this suit against the AFL-CIO is therefore sanctionable under Fed R. Civ. P. 11, as any "'reasonable inquiry would have revealed there was no basis in law or fact for [his] asserted claim[s].'"  <u>Reynolds v. United States Capitol Police Bd.</u>, 357 F. Supp. 2d 19, 23 (D.D.C. 2004) (quoting <u>Washington Bancorporation v. Said</u>, 812 F. Supp. 1256, 1275 (D.D.C. 1993).  <u>See</u> <u>also</u> <u>Geller v. Randi</u>,  40 F.3d 1300, 1304 (D.C. Cir. 1994) ("Rule 11 expressly authorizes sanctions for groundless complaints . . . .").[2]

---

2Carswell asserts, by way of a footnote, <u>see</u> Motions for Sanctions Response, p. 1 n.1, that Carswell's counsel did not receive the copy of the first Motion for Sanctions that was personally served on her on

In this regard, <u>International Brotherhood of Teamsters v. Ass'n of Flight Attendants</u>, 864 F.2d 173 (D.C. Cir. 1988), <u>disapproved of on other grounds by</u>, <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384 (1990), is instructive.  In that case, the D.C. Circuit upheld the imposition of Rule 11 sanctions against the Teamsters union for having brought an action for unjust enrichment against the Association of Flight Attendants despite fact that the Teamsters could not state a claim for unjust enrichment because it had not, as a matter of law, conferred any cognizable benefit on the Association of Flight Attendants.  <u>Id.</u> at 176-77.  The court held that sanctions were warranted against the Teamsters as the Teamster had merely cited cases to the Court that "reiterate[d] the general principles of the [unjust enrichment] doctrine," and had "simply failed to construct a theory explaining how the legal principles articulated in [the cases cited by the Teamsters] apply to the facts at hand."  <u>Id.</u> at 177.  As in <u>Teamsters</u>, Carswell has failed to explain anywhere <u>how</u> his claims are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).  Accordingly, he should be sanctioned under Rule 11 for having filed the groundless Amended Complaint against the AFL-CIO.

Carswell's persistence in pursuing this action against the AFL-CIO is particularly egregious since the AFL-CIO, subsequent to Carswell having filed his original <u>pro se</u> complaint,

---

June 18, 2007.  Carswell has not asserted that his counsel's non-receipt of this copy of the AFL-CIO's motion is a defense to the motion itself.  Nor could he, to the extent that the footnote assertion suggests such a defense.  It is indisputable that the certificate of service relating to that motion was served on Carswell's counsel through the District Court's ECF service on July 12, 2007, and Ms. Dettling has never disputed the accuracy of that certificate.  Even if, contrary to the record, she had not properly been served on June 18th, 2007, she was served with the identical papers on July 12, 2007 by way of the ECF service.  Thus, by August 6, 2007—<u>i.e.</u>, 24 days following the service of the motion and pursuant to Fed. R. Civ. P. 6(e) and 11(c)(1)(A)—any defect in the service of the motion pursuant to Rule 11 was cured.  <u>See</u> also Declaration of Joshua B. Shiffrin (attached hereto as Attachment 1).

Furthermore, the AFL-CIO's Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 incorporated all of the grounds set forth in support of its first Motion for Sanctions.  Carswell does not allege even any technical defect in the service and filing of this second motion.  Therefore, both Motions for Sanctions are procedurally proper and are ripe for adjudication on the merits by the Court.

brought to the attention of Carswell's counsel the legal authority holding that, <u>inter alia,</u>
cooperative working relationships among unions do not subject them to intra-union liability, as
well as the legal authority which holds that the receipt of funds by an international union from a
local union does not convert the local union into the agent of the international.  <u>See</u> June 1, 2007
Letter from AFL-CIO Counsel to Carswell's Counsel (Exhibit 1 to Shiffrin Declaration) (citing
<u>International Longshoremen's Ass'n v. NLRB</u>, 56 F.3d 205 (D.C. Cir. 1995); <u>BE & K Constr.</u>
<u>Co. v. United Bhd. of Carpenters & Joiners of Am.</u>, 90 F.3d 1318 (8th Cir. 1996); and <u>Sinyard v.</u>
<u>Foote & Davies Div. of McCall Corp.</u>, 577 F.2d 943 (5th Cir. 1978)).  Despite this notice of the
defects of the original complaint, Carswell subsequently amended his original complaint but
nonetheless continued to include the AFL-CIO as an party to this action, apparently (as
evidenced by his Motion to Dismiss Response) on the basis of the legal theories rejected by these
cases.  <u>See</u> <u>Smith v. Blue Cross & Blue Shield United of Wis.</u>, 959 F.2d 655, 660 (7th Cir.
1992) (upholding imposition of Rule 11 sanctions, including attorneys' fees, where defense
counsel wrote to plaintiff counsel advising him of frivolity of the claims at issue prior to filing a
motion to dismiss).

    Moreover, Carswell's Amended Complaint is signed by Carswell's counsel.  Under Rule
11, an attorney's signature on a pleading serves to certify that to the "best of the [signatory]'s
knowledge, information, and belief, formed after an inquiry reasonable under the
circumstances," the pleading meets the substantive requirements of Rule 11, <u>i.e.,</u> it is not
interposed for an improper purpose, its claims are warranted by law, and its allegations or factual
contentions are likely to have evidentiary support.  <u>See</u> Fed. R. Civ. P. 11.  In support of his
Motions for Sanctions Response, Carswell's counsel has included an affidavit from Carswell
himself, attesting to his own subjective belief that "ALPA and the AFL-CIO work closely

together" and that "ALPA, U.S. Airways Group, Inc. and the AFL-CIO have colluded to deprive older pilots of their livelihood."  Carswell Affidavit, ¶¶ 21-22.  However, the signature of Carswell's counsel on the Amended Complaint renders Carswell's subjective belief in the merits of his case irrelevant: all that is at issue is whether it was objectively reasonable for <u>Carswell's counsel</u>, having received written notice of the frivolous basis of her clients' claims, to certify that the Amended Complaint met the threshold standard of Rule 11 and to persist in pursuing this action against the AFL-CIO.  See <u>Turner v. Sunguard Bus. Sys., Inc.</u>, 91 F.3d 1418, 1421 (11th Cir. 1996); <u>Lucas v. Spellings</u>, 408 F. Supp. 2d 8, 10 (D.D.C. 2006).

Carswell's failure to present to the Court a speck of support for a theory under which the AFL-CIO can be liable for causing Carswell's retirement in light of the Age-60 Rule, or under which the AFL-CIO can be found to have violated the ADEA or RLA by advocating a particular political position, demonstrates well that it was not.  Accordingly, an award of attorneys' fees and expenses should be imposed on Carswell and his counsel for having put the AFL-CIO to the expense of bringing these Motions for Sanctions as well as its Motion to Dismiss.

For the foregoing reasons, the AFL-CIO's Motions for Sanctions should be granted, and this Court should impose sanctions, including all attorneys' fees and costs incurred in drafting and litigating the AFL-CIO's motion to dismiss and motions for sanctions, upon Plaintiff Gene H. Carswell and his counsel.

|  | Respectfully Submitted, |
|---|---|
| Dated: September 25, 2007 | ___/s/ Leon Dayan_____ |
|  | Leon Dayan (D.C. Bar No. 444144) |
|  | Joshua B. Shiffrin (D.C. Bar No. 501008) |
|  | BREDHOFF & KAISER P.L.L.C. |
|  | 805 Fifteenth Street NW, Suite 1000 |
|  | Washington, DC 20008 |
|  | Counsel for Defendant AFL-CIO |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GENE H. CARSWELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; US AIRWAYS GROUP, INC.; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>    Defendants. | Case No. 1:07-CV-00651 (RBW) |

## <u>DECLARATION OF JOSHUA B. SHIFFRIN</u>

I, Joshua B. Shiffrin, hereby state:

1. I am over twenty-one years of age and competent to make this affidavit.

2. I am an attorney with Bredhoff & Kaiser, P.L.L.C. I am one of the attorneys representing the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO")in the above-captioned case.

3. On June 1, 2007, counsel for the AFL-CIO sent a letter to Rosemary, Dettling, Esq., counsel for Plaintiff Gene H. Carswell ("Carswell"), which set forth the reasons why the AFL-CIO is not a proper party to the above-captioned case.

4. Exhibit 1 to this Declaration is a true and correct copy of the June 1, 2007 letter sent by facscimile and first class mail to Ms. Dettling.

5. On June 18, 2007, counsel for the AFL-CIO served on Ms. Dettling, by personal service, a proposed Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

6. Exhibit 2 to this Declaration is a true and correct copy of the manifest provided to AFL-CIO's counsel from its courier, Washington Express, which indicates (in entry No. 7) that the proposed Motions for Sanctions Pursuant to Fed. R. Civ. P. 11 was left at Ms. Dettling's office and usual place of abode at 3120 Brandywine Street, NW Washington, D.C. 2008 on June 18, 2007.  (The manifest erroneously states the date of service as being June 17, 2007; however, June 17, 2007 was a Sunday, and, as the manifest correctly indicates, the Motion for Sanction was served on Ms. Dettling on a Monday, i.e., June 18, 2007.)

7. On July 12, 2007, 24 days after the service of the proposed Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, counsel for the AFL-CIO filed the same Motion for Sanctions with the Court, as well as a supplemental memorandum in support of the Motion.

8. On the same day—July 12, 2007—counsel for the AFL-CIO served by first class mail on Ms. Dettling a proposed Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

9. Exhibit 3 to this Declaration is a true and correct copy of the papers served by mail on July 12, 2007.

10. On August 15, 2007, 34 days after the service of the Second Motion for Sanctions on Carswell's counsel, the AFL-CIO filed its Second Motion for Sanctions with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 25, 2007                          /s/Joshua B. Shiffrin
                                                        Joshua B. Shiffrin

# Exhibit 1
# June 1, 2007 Letter
# (Without Enclosure)

```
 **  T r a n s m i t   C o n f . R e p o r t   **
```

P.1                                              Jun  1 2007  13:26

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 18882416719 | NORMAL | 1,13:26 | 0'?? | 9 | * O K | |

# BREDHOFF & KAISER, P.L.L.C.
### *Attorneys & Counselors*
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207
(202) 842-2600
Facsimile: (202) 842-1888
http://www.bredhoff.com
E-mail:

Robert M. Weinberg
Jeffrey L. Gibbs
Julia Penny Clark
Jeffrey R. Freund
W. Gary Kohlman
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Alice O'Brien
Devki K. Virk
Robert Alexander

Kathleen Keller
Abigail Carter
Matthew Clash-Drexler
Dora V. Chen
Jennifer L. Hunter
Charlotte Garden
Joshua B. Shiffrin
Benjamin Takis

--------
Laurence Gold
Patricia Polach
Susan G. Lahne
Todd E. Edelman
Sarah M. Fox

--------
Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 – 1989)

## *FACSIMILE TRANSMISSION COVER SHEET*

This Facsimile Electronic Transmission Is Intended Only For The Addressee Shown Below. It May Contain Information That Is Privileged, Confidential Or Otherwise Protected From Disclosure. Any Review, Dissemination Or Use Of This Transmission Or Its Contents By Persons Other Than The Addressee Is Strictly Prohibited. If You Have Received This Facsimile Transmission In Error, Please Notify Us Immediately.

To Ensure Compliance With The Requirements Imposed By The Internal Revenue Service In IRS Circular 230, Please Be Informed That Any Tax Advice Contained In This Communication (Including Any Attachments) Is Not Intended Or Written To Be Used, And Cannot Be Used, For The Purpose Of (i) Avoiding Tax-Related Penalties Under The Internal Revenue Code Or (ii) Promoting, Marketing Or Recommending To Another Party Any Tax-Related Matter Addressed Herein.

DATE:        June 1, 2007

TO:          Rosemary Dettling, Esq.          FAX NO.     888 241-6719

CLIENT NO.

FROM:        JOSHUA SHIFFRIN

NUMBER OF PAGES BEING SENT: 8  (including this cover sheet)

If there are any problems with this transmission, please call (202) 842-2600 and

## BREDHOFF & KAISER, P.L.L.C.

*Attorneys & Counselors*

Robert M. Weinberg
Jeffrey L. Gibbs
Julia Penny Clark
Jeffrey R. Freund
W. Gary Kohlman
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Alice O'Brien
Devki K. Virk
Robert Alexander

805 Fifteenth Street, NW
Washington, D.C. 20005
(202) 842-2600
Facsimile: (202) 842-1888
www.bredhoff.com

Kathleen Keller
Abigail V. Carter
Matthew Clash-Drexler
Dora V. Chen
Jennifer L. Hunter
Charlotte Garden
Joshua B. Shiffrin
Benjamin Takis
———
Laurence Gold
Patricia Polach
Susan G. Lahne
Todd E. Edelman
Sarah M. Fox
Of Counsel

Elliot Bredhoff
(1921-2004)
Henry Kaiser
(1911-1989)

June 1, 2007

### Via Facsimile and First Class Mail

Rosemary Dettling, Esq.
Federal Employee Legal Services Center
3120 Brandywine Street NW
Washington DC 20008
(888) 241-6719 Facsimile

Re:    **Carswell v. Air Line Pilots Association International, et al., Civil Docket No. 1:07-cv-00651-RBW**

Dear Ms. Dettling:

As we discussed on the phone last week, we represent the defendant American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") in the above-captioned suit brought by your client, Gene H. Carswell. For the reasons set out in this letter, we ask that you dismiss the suit as to the AFL-CIO as there is no possible factual or legal basis upon which the AFL-CIO can be found liable to Mr. Carswell for the acts alleged in his complaint.

It is evident from the complaint that Mr. Carswell's dispute lies with his employer, US Airways Group, Inc. ("US Airways"), and the international union responsible for representing him, the Airline Pilots Association International ("ALPA")—and not the AFL-CIO. The crux of his complaint is that US Airways is discriminating against him based on age through its continued compliance with the FAA's "Age 60 Rule," and that his bargaining representative, rather than stopping this, is supporting his employer's efforts to maintain the rule. *See* Complaint ¶¶ 1-17. And Mr. Carswell's theory of liability in his claims against the AFL-CIO is based on the premise that the AFL-CIO represents Mr. Carswell regarding his employment rights and therefore owes a "duty of fair representation" to Mr. Carswell. *See, e.g.,* Complaint ¶¶ 4 ("The named Plaintiff further discovered that the AFL-CIO and ALPA breached their 'duty of fair representation' to him and all other similarly situated employees."); 27

Rosemary Dettling, Esq.
June 1, 2007
Page 2

("ALPA and the AFL-CIO . . . continue to breach their duty of representation to their union members . . ."); 64 ("ALPA and the AFL-CIO were responsible for acting on behalf of the Plaintiff and other pilots at US Airways.").

However, ALPA is the exclusive bargaining representative for Mr. Carswell, and the AFL-CIO is not a bargaining agent for Mr. Carswell or for any other group of pilots potentially included in Mr. Carswell's class action allegations. *See Sinyard v. Foote & Davies Div. of McCall Corp.*, 577 F.2d 943, 947 (5th Cir. 1978) ("The duty of fair representation arises . . . out of the power to act as exclusive bargaining representative."). Nor, contrary to Mr. Carswell's allegations, is the AFL-CIO a party to any collective bargaining agreement involving pilots at US Airways. The AFL-CIO is a federation of 55 national and international unions, including ALPA. The 55 affiliated unions, in turn, represent approximately 10,000,000 working men and women. Those individuals (such as Mr. Carswell) are not members of bargaining units represented by the AFL-CIO in connection with their employment. It is, rather, the affiliate (here, ALPA) that represents those individuals in that connection.

Consequently, the AFL-CIO has never owed a duty of fair representation to Mr. Carswell, and it is not a proper defendant in this action.

Moreover, Mr. Carswell's complaint alleges no specific conduct by the AFL-CIO performed independently from ALPA. Mr. Carswell may have included the AFL-CIO as a defendant in this suit under the mistaken impression that the AFL-CIO's relationship with ALPA bears resemblance to a parent international union's relationship with its local unions. If he is under that impression, he is seriously mistaken as a matter of fact, because the AFL-CIO has no right or ability to control the conduct of its affiliates, while parent international unions typically do have some legal rights that enable them to control some aspects of their locals' operations; and he is proceeding from an erroneous legal premise as well, because even the kind of control typically available to be exercised by an international union over its locals is insufficient as a matter of law to make the international union automatically liable for every breach of fair representation or other wrong committed by its local unions.

As to the factual point, the AFL-CIO's affiliated unions are autonomous legal entities, and the AFL-CIO Constitution states expressly that the affiliated unions are neither subordinate to, nor subject to the direction or control of, the Federation. *See* AFL-CIO Const., Article III, Section 1 (enclosed). (See http://www.aflcio.org/aboutus/thisistheaflcio/constitution for the full constitution). Whereas an international union typically reserves the power, under its constitution, to involuntarily force a local union into trusteeship so that it can run its day-to-day affairs, the AFL-CIO is a voluntary federation. It

Rosemary Dettling, Esq.
June 1, 2007
Page 3

cannot take over its affiliates' operations, and its affiliated unions are free to disaffiliate from the AFL-CIO at any time. Notably, many prominent former affiliates, such as the Service Employees International Union, have disaffiliated in the past two years.

Furthermore, the AFL-CIO not only lacks the legal ability to control the activities of ALPA or ALPA's local unions; it also lacks any practical means of control. The AFL-CIO has no ownership, or financial control or responsibility over ALPA, nor does it have control over its operations, policies, or personnel. There is no interrelation of operations, no common management, no common ownership, and no shared accounts, employment benefits, payroll accounts or health and welfare plans. Each entity files its own separate income tax returns; they do not share services, equipment employees or office space. The AFL-CIO does not select or hire the officers or employees of ALPA, nor does the AFL-CIO participate in ALPA's employment activities. ALPA's employees are not employees of the AFL-CIO and the AFL-CIO does not engage in employment-related activities with respect to employees of its affiliate members or their local unions.

As to the legal point, entities that, unlike the AFL-CIO vis-à-vis ALPA, <u>do</u> have parent union/local union relationships, are not liable for their local unions' actions in circumstances of the kind alleged in Mr. Carswell's complaint. It is well-established that an international union is a separate legal entity from its local unions. Therefore, "[t]he acts of the local and its agents cannot automatically be imputed to the International." *Shimman v. Frank,* 625 F.2d 80, 97 (6th Cir. 1980). Instead, as the D.C. Circuit has held, "common-law agency principles . . . provide the appropriate analytical framework" for determining an international union's liability for a local's actions. *Berger v. Iron Workers Reinforced Rodmen Local 201,* 843 F.2d 1395, 1427 (D.C. Cir. 1988). Under this standard, courts will look not to an international union's "theoretical control" over its locals, but instead will analyze the "nature and extent of *actual* control" over the local in the relevant factual context. *See id.* at 1431 (citing *Shimman,* 625 F.2d at 98 n.36) (emphasis added). *See generally Carbon Fuel Co. v. United Mine Workers,* 444 U.S. 212, 217-218 (1979).

Here, as we have explained, the AFL-CIO does not even have <u>theoretical</u> control over its affiliates, such as the power to impose a trusteeship over them and take over the conduct of their affairs. And the AFL-CIO, as we've also explained, certainly has no practical control over its affiliates either.

To illustrate how far-fetched it is to claim that the AFL-CIO is a proper defendant in this case, consider that even a parent corporation that wholly owns a particular subsidiary—and therefore does have certain practical means of controlling the subsidiary's activities—is not liable for the employment

Rosemary Dettling, Esq.
June 1, 2007
Page 4

decisions made by the subsidiary. *See, e.g. United States v. Bestfoods,* 524
U.S. 51, 61 (1998)("It is a general principle of corporate law deeply ingrained in
our economic and legal systems that a parent corporation (so-called because of
control through ownership of another corporation's stock) is not liable for the
acts of its subsidiaries."). Here, the AFL-CIO has absolutely no control over
ALPA.

Finally, the complaint alleges that the AFL-CIO has expressed public
support for ALPA's apparent position that the age 60 rule should be kept in
place, and it suggests that such an expression of support would make the AFL-
CIO liable for ALPA's performance as the bargaining representative of Mr.
Carswell. If that is one of Mr. Carswell's theories, it is unfounded for multiple
reasons. As a preliminary matter, the AFL-CIO has not in fact expressed any
political support, or engaged in any political activity, regarding the Age 60 Rule
at any time within any limitations period conceivably applicable to Mr.
Carswell's claims. More fundamentally, any expression of support for ALPA's
position on the Age 60 Rule by the AFL-CIO would, even if made within the
applicable limitations period, be plainly insufficient as a matter of law to render
the AFL-CIO responsible for ALPA's performance of its duties of bargaining
representative of Mr. Carswell. Not only would the AFL-CIO have a First
Amendment right to express support for the Age 60 Rule, but it is settled law
that, where one labor organization expresses solidarity with the actions of
another, that expression does not convert the latter organization into an agent
of the former, or vice versa. *See International Longshoremen's Ass'n v. NLRB,*
56 F.3d 205 (D.C. Cir. 1995); *BE&K Constr. Co. v. United Bhd. of Carpenters,* 90
F.3d 1318, 1326 (8th Cir. 1996).

*     *     *     *

In short, we are confident that Mr. Carswell did not conduct a reasonable
factual investigation of his claims as to the AFL-CIO, as evidenced by, among
other things, his wholly unsubstantiated allegation that the AFL-CIO is a party
to a contract with US Airways—an allegation that even the shortest of factual
investigations would have revealed to be false. We are also confident that a
reasonable investigation into the applicable principles of agency law would
establish definitively that there is no basis for holding the AFL-CIO responsible
for the conduct of ALPA. As I mentioned on the telephone, the AFL-CIO has
been in existence for over 50 years and there have been lawsuits against its
affiliates over that period too numerous to count, but there is not a single
reported decision in which the AFL-CIO has been held liable for the
performance of one if its affiliates as a bargaining representative. Though on
occasion, a plaintiff who is a member of a union affiliated with the AFL-CIO will
initially make the same careless mistake as to the AFL-CIO's relationship with
his union that Mr. Carswell has made here, once the mistake is pointed out,
the AFL-CIO is voluntarily dismissed and the lawsuit proceeds against the

Rosemary Dettling, Esq.
June 1, 2007
Page 5

affiliate.  We hope and expect, based on our telephone conversation of last week, that that is what will happen here.

We will call you later today to discuss with you the timing as to when you will be able to make a decision regarding whether to proceed against the AFL-CIO.  In order to avoid spending time on preparing a responsive pleading that we expect will not be necessary, we would also like to discuss with you a schedule for when our responsive pleading will be due in the event we cannot reach an agreement as to the dismissal of the AFL-CIO.

Sincerely yours,

Leon Dayan
Joshua B. Shiffrin

Enclosure

# Exhibit 2
# Courier Log

# CMI Manifest

CMI 202-347-2001
Bike A: 301-210-0879   PG: 301-210-4739   VA: 301-210-0948
Bike B: 301-210-0884   AIC 301-210-0889   Toll Free: 800-WEXLINE

WASHINGTON EXPRESS

Name: _Patrick Gingles_   Driver/Biker# _708_

Date: _6-17-07_   Day: _Sun_   Mileage: Start _151,342_   Finish _153,016_   Total ____

| # | Job# | | Delivery | Freight | Signature | Print Last Name | Time |
|---|------|---|----------|---------|-----------|-----------------|------|
| 1 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,628 | From _810 Hgt 7W_ To _4507 Ellis St CA obt_ | 1 | _Lewis bn dar_ | _Blise_ | _807_ |
| 2 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,660 | From _1620 L St 7W_ To _5808 Ohio ext Ohio 7W #700_ | 510 Freight | _cavy gendler_ | _Blise_ | _114_ |
| 3 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,844 | From _1382 Conn Ave 7W_ To _5411 McLain Rd 7W #5_ | Freight 1981 | _C Grecu_ | _Blise_ | _103_ |
| 4 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,528 | From _165 Conn Ave 7W_ To _3555 Math Ave 7W_ | Freight 1981 | _cavy gendle_ | _Lindler_ | |
| 5 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,808 | From _3335 Math Ave 7W_ To _717 14 St 7W 700_ | Freight 1 Big | _cavy gindlie_ | _Lindler_ | _5:30_ |
| 6 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 153,974 | From _5008 Ohio ext Ohio 7W_ To _1620 L St 7W #960_ | Freight 1 EX 6 | _J. Robinson_ | _ROBINSON_ | |
| 7 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 154,057 | From _805 15th 7W_ To _3020 Pennsylvania St 7W #1000_ | Freight 1 Env 7 | _K Watkins_ | _Watkins_ | |
| 8 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT min | 154,179 | From _1826 7H8 7W_ To _4501 Conn Ave 7W #801_ | Freight 8 | _Bob Brown_ | _Brown_ | |
| 9 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT To From min | | | Freight 9 | | | |
| 10 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT To From min | | | Freight 10 | | | |
| 11 | hand off to ☐ Double Rush ☐ ☐ wt Rush ☐ RDT To From min | | | Freight 11 | | | |

Any claim for damages, loss or misdelivery must be made by a customer in writing to Washington Express within fifteen (15) days following the order date. We are not liable for (A) any claims resulting from an act of God, the public enemy, the authority of law, or the act or default of customer, (B) any loss, damage or delay which results when the property is accepted and held in transit for any reason; (C) any special, consequential, or incidental damages. Liability for damages, losses, misdelivery or nondelivery shall be limited to $200 per shipment (regardless of the number of items in such shipment) unless additional insurance is specifically contracted for.

Exhibit 3
Papers Served by First Class Mail
on Carswell's Counsel on July 12,
2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENE H. CARSWELL, individually and on
behalf of all others similarly situated,

     Plaintiff,

     v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL; US AIRWAYS
GROUP, INC.; and AMERICAN
FEDERATION OF LABOR AND
CONGRESS OF INDUSTRIAL
ORGANIZATIONS,

     Defendants.

Case No. 1:07-CV-00651 (RBW)

## DEFENDANT AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS' SECOND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, defendant American

Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") respectfully moves

this Court for an order imposing sanctions against plaintiff Gene H. Carswell and his counsel for

filing, on July 5, 2007, an Amended Complaint that persists in including the AFL-CIO as a

defendant in this action despite Carswell's notice of the frivolous nature of the claims against the

AFL-CIO. The AFL-CIO further requests that this Court award it the costs and reasonable

attorney's fees it has incurred in defending this action. Sanctions are appropriate because:

1. The Amended Complaint asserts claims against the AFL-CIO under the Age

    Discrimination in Employment Act ("ADEA") and the Railway Labor Act on the basis of

    allegations that the AFL-CIO is the plaintiff's exclusive bargaining representative and

consequently owes a duty of fair representation to the plaintiff, or, alternatively, because

the AFL-CIO has a "parent-subsidiary" type relationship with Carswell's union, the Air

Line Pilots Association ("ALPA");

2. Any reasonable, or even minimal, inquiry into these allegations would have demonstrated

that these allegations lack any possible evidentiary support;

3. It is also well established, as a legal matter, that any political advocacy allegedly engaged

in by AFL-CIO which forms the basis of Carswell's Amended Complaint is not

actionable and is protected by the First Amendment; and

4. Carswell's counsel has chosen to file an Amended Complaint that persists in continuing

this action against the AFL-CIO after being informed of the original Complaint's patent

legal and factual defects.

The grounds for this motion are more fully set forth in the Memorandum of Law and

Supplemental Memorandum of Law that have been submitted by the AFL-CIO in support of

its First Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. For the reasons stated therein,

the AFL-CIO's Second Motion for Sanctions should be granted.

Dated: July 12, 2007

_____
Leon Dayan (D.C. Bar No. 444144)
Joshua B. Shiffrin (D.C. Bar No. 501008)*
BREDHOFF & KAISER P.L.L.C.
805 Fifteenth Street NW
Suite 1000
Washington, DC 20008
(202)842-2600

Counsel for Defendant AFL-CIO


*Admission to Bar of U.S. District Court for District of Columbia currently pending.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July 2007, I served by First Class Mail the foregoing Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 upon:

Rosemary Dettling
FEDERAL EMPLOYEE LEGAL SERVICES
3120 Brandywine Street NW
Washington, DC  20008
Telephone: (202)390-4741
Facsimile: (888)241-6719
email: redettling@felsc.com

*Counsel for Plaintiff Gene H. Carswell*

David Michael Semanchik
Granville Clayton Warner
AIR LINE PILOTS ASSOCIATION INTERNATIONAL
535 Herndon Parkway
Herndon, VA  20170
Telephone: (703)689-4393
Facsimile: (703)481-2478
email: david.semanchik@alpa.org
        clay.warner@alpa.org

*Counsel for Defendant Air Line Pilots Association International*

Thomas Barton Almy
DOMBROFF & GILMORE, P.C.
1676 International Drive – PH
McLean, VA  22102
Telephone: (703)336-8723
Email: talmy@dglitigators.com

*Counsel for U.S. Airways Group, Inc.*


Leon Dayan